JEAN LITVAITIS *v.* WILLIAM G. LITVAITIS

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued January 5—decided March 22, 1972

*John H. Cassidy, Jr.,* with whom were *Peter E. Greene,* and, on the brief, *W. Fielding Secor,* for the appellant (defendant).

*Brian A. Barnes,* with whom was *Howard R. Matzkin,* for the appellee (plaintiff).

RYAN, J. In this action the plaintiff seeks reimbursement from the defendant for past support and an order requiring the defendant to contribute to her future support. The plaintiff alleges in her amended complaint that she and the defendant were married November 12, 1938, and are husband and wife; that on or about January 25, 1954, the defendant abandoned her; that he failed and neglected to provide reasonable support for her; that she was compelled to expend her own money for her support; and that the defendant has refused to reimburse

her for these expenses. In his answer, the defendant denied the material allegations of the plaintiff's complaint and in a special defense alleged that the marriage of the plaintiff and the defendant was dissolved by a decree of divorce on February 20, 1965, by the Third Civil Court of Bravos District, State of Chihuahua, Republic of Mexico. The plaintiff denied the allegations of the special defense. The trial court found the issues for the plaintiff to recover of the defendant the sum of $4680 for her expenditures for a period of six years, and ordered the payment to the plaintiff of the sum of $35 per week as future support beginning March 25, 1968, the date of the inception of this action by service on the defendant.

The trial court found the following facts: The plaintiff and the defendant were married on November 12, 1938, and separated about June 11, 1946. The defendant voluntarily abandoned the plaintiff because he wanted to be free and could not accept responsibility. Thereafter, in 1954, the defendant brought a divorce action against the plaintiff in the Superior Court in New Haven County, but on trial of the action the court denied the defendant a divorce. In that divorce action the Superior Court ordered the defendant to pay temporary alimony of $15 a week to his wife and also ordered that he pay temporary support in the amount of $15 for each of the two minor children. From the time of this temporary order in 1954 until February 1, 1968, the defendant made payment of $15 a week to the plaintiff regularly. He continued to pay $15 a week for the support of each minor child until each of them had married. All of the net earnings made by the plaintiff between 1962 and 1969 were used by her for her support. In July, 1964, the defendant went to Mex-

ico and filed a petition for a divorce against the plaintiff in the Third Civil Court, Bravos District, State of Chihuahua, Republic of Mexico. A decree of divorce was entered by that court on February 20, 1965. The defendant remarried on July 22, 1966, and is presently living in Middlebury, Connecticut, with his second wife. About February 1, 1968, the defendant ceased making support payments to the plaintiff, whereupon the present action was instituted by the plaintiff on March 22, 1968. The defendant traveled to Mexico merely for a vacation and never intended to take up residence there. He did not change his address when he went there, nor did he ever change his address for voting or license purposes. He went to Mexico for the sole purpose of obtaining a divorce and with the intention of returning to Waterbury. The plaintiff never submitted herself to the jurisdiction of the courts of Mexico. She has resided in the state of Connecticut since the 1940's and has never left Connecticut since that time. The defendant gave the plaintiff no money whatsoever during the period from February 1, 1968, to November 26, 1969. From these subordinate facts the trial court concluded that the divorce obtained by the defendant in Mexico was colorable and invalid; that the Mexican court was without jurisdiction to render a decree of divorce affecting the status of the plaintiff and the defendant; that the defendant abandoned the plaintiff some time prior to 1954; that the defendant voluntarily paid the plaintiff the sum of $15 a week by way of support from 1954 until February, 1968; that the defendant is obligated to pay the plaintiff the sum of $4680 for past due support; that a reasonable amount for future payments of support to the plaintiff is $35 per week. The date of judgment was September 10, 1970. The order for

future support was to take effect from March 25, 1968, the date of the inception of this action by service on the defendant.

The defendant assigns error in the conclusion of the trial court that the Mexican court was without jurisdiction to enter a decree of divorce affecting the status of the plaintiff and the defendant and that the divorce so obtained was invalid. The duty of a husband to provide past and future support is dependent on the existence of a valid marriage relation. General Statutes § 46-10; *Yates* v. *Yates,* 155 Conn. 544, 547, 235 A.2d 656; *Zybura* v. *Zybura,* 142 Conn. 553, 556, 115 A.2d 452.

The full faith and credit clause of the constitution of the United States does not apply to a divorce obtained in a foreign country. Courts of the United States are not required by federal law to give full force and effect to a judgment granted in a foreign nation. *Hilton* v. *Guyot,* 159 U.S. 113, 16 S. Ct. 139, 40 L. Ed. 95; *Rosenbaum* v. *Rosenbaum,* 309 N.Y. 371, 130 N.E.2d 902; *Caldwell* v. *Caldwell,* 298 N.Y. 146, 81 N.E.2d 60; *Christopher* v. *Christopher,* 198 Ga. 361, 31 S.E.2d 818; 33 Fordham L. Rev. 449; 32 U. Chi. L. Rev. 802. On the other hand, judgments of courts of foreign countries are recognized in the United States because of the comity due to the courts and judgments of one nation from another. Such recognition is granted to foreign judgments with due regard to international duty and convenience, on the one hand, and to rights of citizens of the United States and others under the protection of its laws, on the other hand. This principle is frequently applied in divorce cases; a decree of divorce granted in one country by a court having jurisdiction to do so will be given full force and effect in another country by comity, not only as a decree de-

termining status, but also with respect to an award of alimony and child support. The principle of comity, however, has several important exceptions and qualifications. A decree of divorce will not be recognized by comity where it was obtained by a procedure which denies due process of law in the real sense of the term, or was obtained by fraud, or where the divorce offends the public policy of the state in which recognition is sought, or where the foreign court lacked jurisdiction. 24 Am. Jur. 2d, Divorce and Separation, § 964.

A divorce judgment is a judgment in rem. *Vogel v. Sylvester,* 148 Conn. 666, 670, 174 A.2d 122. If a divorce judgment is pronounced by a tribunal which does not have jurisdiction to do so, it may be attacked collaterally on that ground in this country; comity will not demand its recognition. Thus, ordinarily, our courts will not recognize a divorce obtained in a foreign country if neither spouse had a domicil in that country. The rule that a domicil of at least one of the spouses is essential to give the court jurisdiction to grant a divorce applies to decrees of foreign nations as well as to decrees entered within the United States, even though a domicil is not required by the laws of the jurisdiction which grants the divorce. 24 Am. Jur. 2d, Divorce and Separation, § 965; see *Rice* v. *Rice,* 134 Conn. 440, 445, 58 A.2d 523, aff'd, 336 U.S. 674, 69 S. Ct. 751, 93 L. Ed. 957; *State* v. *Cooke,* 110 Conn. 348, 351, 148 A. 385; *Gildersleeve* v. *Gildersleeve,* 88 Conn. 689, 692, 92 A. 685. The traditional requisite for subject-matter jurisdiction in matrimonial proceedings has been domicil. *Rice* v. *Rice, supra.* "Under our system of law, judicial power to grant a divorce . . . is founded on domicil." *Williams* v. *North Carolina,* 325 U.S. 226, 229, 65 S. Ct. 1092, 89

L. Ed. 1577. Regardless of its validity in the nation awarding it, the courts of this country will not generally recognize a judgment of divorce rendered by the courts of a foreign nation as valid to terminate the existence of a marriage unless, by the standards of the jurisdiction in which recognition is sought, at least one of the spouses was a good faith domiciliary in the foreign nation at the time the decree was rendered. Note, 13 A.L.R.3d 1425; see *Wells* v. *Wells,* 230 Ala. 430, 161 So. 794; *Estate of Nolan,* 56 Ariz. 361, 108 P.2d 388; *Bethune* v. *Bethune,* 198 Ark. 811, 94 S.W.2d 1043; note, 105 A.L.R. 817.

In the case at bar, the court found that the defendant went to Mexico solely for the purpose of securing a divorce and that he intended to return to Connecticut. The plaintiff never submitted herself to the jurisdiction of the Mexican court. "To constitute domicil, the residence at the place chosen for the domicil must be actual, and to the fact of residence there must be added the intention of remaining permanently; and that place is the domicil of the person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with the present intention of making it his home." *Rice* v. *Rice,* supra, 445–46; *Mills* v. *Mills,* 119 Conn. 612, 617, 179 A. 5. It is quite obvious that the defendant, who was the only party to appear before the foreign court, was not a domiciliary of the Mexican state. The court properly refused to recognize the Mexican divorce as terminating the marriage.

The defendant claims that the plaintiff has not satisfied her burden of proving a cause of action for past or future support. The action for past support is authorized by § 46-10 of the General Statutes, where it is stated: "It shall be the duty of the husband to support his family, . . . and the wife shall be

entitled to an indemnity from the property of the husband for . . . any money that she has been compelled to pay . . . [for her support]." In *Cantiello* v. *Cantiello,* 136 Conn. 685, 689, 74 A.2d 199, we said: "It is the primary obligation of the husband to furnish support for his wife. If she is living apart from him without justification, this obligation is suspended. . . . When the husband has abandoned the wife, . . . and thereafter he refuses to furnish her support and fulfill the primary obligation which the law places upon him, upon proper evidence offered she may be entitled to relief under the statute on the grounds that she has been compelled to support herself." The claim of the defendant that the plaintiff has failed to prove the element of abandonment is without merit. The trial court concluded that the defendant voluntarily abandoned the plaintiff because he wanted to be free and could not accept responsibility. There is no indication of any fault on the part of the plaintiff. "Abandonment is a question of fact, and the finding or conclusion of the trial court is conclusive of that fact. Abandonment of a wife has been defined by this court as the act of a husband who voluntarily leaves his wife with an intention not to return to her and not to resume his marital duties towards her or to claim his marital rights." *Kantor* v. *Bloom,* 90 Conn. 210, 213, 96 A. 974. The conclusion of the trial court was amply supported by the subordinate facts and cannot be disturbed.

The defendant also assigns error in the admission by the court of evidence establishing the facts that the defendant had twice brought unsuccessful divorce actions against the plaintiff, in one of which a judgment for the plaintiff was rendered. In the second such action brought by the defendant he voluntarily

withdrew the action. The defendant urges that the evidence offered was irrelevant. The trial court has broad discretion in determining the relevancy of evidence. Any fact may be proved which logically tends to aid the trier in the determination of the issue. *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82, 291 A.2d 715. The continued existence of the marriage was a necessary element of the plaintiff's cause of action. The evidence also had probative value on the issue of abandonment. The defendant's claim is without merit.

On November 26, 1969, the court *(Meyers, J.)* ordered the defendant to pay to the plaintiff the sum of $20 per week as support pendente lite, retroactive to October 31, 1969. In its judgment dated September 10, 1970, the trial court ordered the defendant to pay to the plaintiff as future support the sum of $35 per week from March 25, 1968, the day process was served on him. Thus, the period established by the judgment of September 10, 1970, included and overlapped the period during which the pendente lite order was in force. No appeal was taken from the pendente lite order by either party and the defendant, in his final assignment of error, urges that the trial court erred in this respect by retroactively increasing this order. The order for the payment of support pendente lite was a final judgment within the appeal statute. The purpose of an order that a husband make payments for the support of his wife pendente lite is to afford her a means of livelihood while she is living apart from him pending the determination of the question whether she has the right to separate maintenance. Even should judgment ultimately be rendered against her, the husband would have no right to be reimbursed. While the court was empowered on motion of either party to

modify the order for payment of temporary support this would not destroy the right of appeal. *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A.2d 173. Accordingly, the judgment for future support must be modified to exclude from its operation the period encompassed by the pendente lite order.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified to accord with this opinion.

In this opinion the other judges concurred.