MATTER OF ATWATER

In Visa Petition Proceedings

A-20559162

*Decided by Board August 17, 1973*

(1) Under the law of the Dominican Republic, divorce of nonresident foreigners is permissible provided that, while at least one of the parties is present at the hearing and the other represented by the holder of a special power of attorney, they expressly agree to attribute jurisdiction to the Dominican court.

(2) Notwithstanding beneficiary in the instant case, a native and citizen of the Philippines, presented a Dominican divorce decree purporting to terminate her prior marriage which decree recites that she appeared before the Dominican court and that an attorney appeared to represent the husband, in the light of evidence of record strongly suggesting that the husband's power of attorney was a forgery, she has failed to meet the burden of establishing the legal termination of her prior marriage and, hence, the validity of her subsequent marriage to the United States citizen petitioner for immigration purposes.

ON BEHALF OF PETITIONER: Joe Reid, Esquire
1204 Tower Life Building
San Antonio, Texas 78205
(Brief filed)

This is an appeal from the District Director's decision to deny the petition filed on behalf of the beneficiary to accord her status as an immediate relative, pursuant to section 201(b), as the spouse of a citizen of the United States, for visa issuance purposes. The petitioner was born in the United States and is a citizen thereof. The beneficiary is a native and citizen of the Philippines.

A petition submitted on behalf of a spouse must be accompanied by a certificate of marriage to the beneficiary and proof of the legal termination of all previous marriages of both wife and husband, 8 CFR 204.2(c)(2). The record contains a Texas certificate of marriage of the parties, dated April 7, 1972. A Massachusetts divorce decree was submitted which indicates that the petitioner's prior marriage was legally terminated in 1953. A Dominican divorce decree purporting to terminate the beneficiary's prior marriage, to Guerrero Silvestre, was also submitted, but its validity was questioned by the District Director. We agree with the District Director and shall dismiss the appeal.

410

The Dominican decree recites that the beneficiary, who was the laintiff, personally appeared before the court, while her husband, uerrero Silvestre, was represented, and appeared, by his attorey in fact, by virtue of a power of attorney, signed the twentyrst of February 1972 before a notary public in the Republic of the hilippines. A photocopy of the power of attorney by Mr. Silvestre, ated February 24, 1972, is in the record. Whether the signature iereon is actually Mr. Silvestre's, however, is questionable. He as sworn in an affidavit, dated November 2, 1972, that he had no otice or knowledge of his wife's divorce from him until October 10, )72, when questioned by the United States Immigration and aturalization Service. The record also contains a photocopy of a tter from the beneficiary's father, in which he advises her to ick to her story that her husband signed the instrument in iestion. Notwithstanding a letter from the notary stating that ie signature of Mr. Silvestre was authentic, the evidence strongly iggests that Mr. Silvestre's signature on the power of attorney as a forgery.

A copy of the Dominican law under which the divorce was irportedly issued has been submitted by the petitioner. Article I, iragragh (5), permits divorce of nonresident foreigners "provided iat, while at least one of them is present at the hearing and the iher represented by the holder of a special power-of-attorney, iey expressly agree to attribute jurisdiction" to the Dominican iurt by an instrument executed by a notary public. If Mr. lvestre, the absent spouse, did not expressly agree to submit mself to the jurisdiction of the Dominican court, then the oceedings were not in conformity with the requirements of ominican law, were a fraud upon the Dominican court, and were valid. The fact that an attorney actually appeared to "represent" ie husband does not meet with the requirement that the absent iouse authorize an attorney to appear on his behalf, or that the isent spouse expressly agree to submit to the jurisdiction of the urt.

In visa petition actions, the burden to establish eligibility lies ith the petitioner, *Matter of Brantigan*, 11 I. & N. Dec. 493, 495 IA,1966); *Matter of Soo Hoo*, 11 I. & N. Dec. 151, 152 (BIA,1965); *atter of Yee*, 11 I. & N. Dec. 27, 30 (BIA,1964); *Matter of B—*, 9 I. & . Dec. 521, 523 (BIA,1961). The petitioner has not met this irden. It appears from the evidence submitted that the benefici- y's divorce from her prior spouse was invalid, and that conse- iently she is still legally married to him. Thus, she cannot be emed the spouse of the petitioner for immigration benefits.

**ORDER:** The appeal is dismissed.