## MATTER OF BIEBL

### In Visa Petition Proceedings

### A-21041737

### *Decided by Board September 13, 1978*

(1) Under law of Connecticut at least one of the spouses must establish a domicile in the jurisdiction in which a foreign divorce decree is sought in order to give a court jurisdiction to grant a divorce. *Litvaitis* v. *Litvaitis*, 162 Conn. 540, 295 A.2d 519 (1972).

(2) Under law of Connecticut, for purposes of establishing the jurisdiction of a court to grant a decree of dissolution of marriage, "domicile" is that place where a person has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home, unless or until something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home, *Spaulding* v. *Spaulding*, 177 Conn. 220, 368 A.2d 14 (1976).

(3) Where petitioner and his first spouse were domiciled in New York at the time they obtained a divorce decree in the Dominican Republic according to the Dominican Republic law, dissolution of prior marriage not recognized for immediate relative benefits under section 201(b) of the Act, 8 U.S.C. 1151(b); hence, a second marriage, in Connecticut, will not support a visa petition.

ON BEHALF OF PETITIONER: Joseph Abrams, Esquire
Abrams and Abrams
One Penn Plaza
New York, New York 10001

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner submitted on November 28, 1977, Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa on behalf of his stepdaughter under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). In his decision dated April 25, 1978, the Acting District Director denied the petition. The petitioner has appealed. The appeal will be dismissed.

The petitioner, a 57-year-old male, married the beneficiary's mother in Connecticut on November 5, 1977. The 15-year-old beneficiary is a native and citizen of Germany, born on September 6, 1963.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). In order to qualify as a "stepchild" the beneficiary must once have qualified as the "child" of the petitioner under section 101(b)(1) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1).

*Nazareno* v. *Attorney General*, 512 F.2d 936 (D.C. Cir. 1975), cert. denied, 432 U.S. 832 (1975).

The only subdivision of section 101(b)(1) which may possibly be relevant to this case is (B) which provides:

(1) The term "child" means an unmarried person under twenty-one years of age who is—

(B) a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred; . . . .

The marriage between the petitioner and the beneficiary's mother which took place in Connecticut on November 5, 1977, is the second marriage for each. The first marriage of the beneficiary's mother was dissolved on July 11, 1972, in Germany. The dissolution of that marriage is not in question.

The petitioner's first marriage was dissolved on May 23, 1977, in the Dominican Republic. Contained in the record is a certificate of the Court of First Instance of Judicial District of Santo Dominican showing: that Guenther L. Kuehl personally appeared before that Court; that Gisela Kuehl appeared before that court by her attorney in fact; that both parties were domiciled at 507 Croton Avenue, Peekskill, New York.

The validity of a marriage generally is determined according to the law of the place of celebration. *Matter of Gamero*, 14 I. & N. Dec. 674 (BIA 1974); *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969); *Matter of P—*, 4 I. & N. Dec. 610 (BIA 1952, A.G. 1952). Thus, the validity of the petitioner's present marriage to the beneficiary's mother depends upon whether Connecticut would recognize the Dominican Republic divorce decree purportedly terminating the petitioner's prior marriage.

The Supreme Court of Connecticut has held that at least one of the spouses must establish a domicile in the jurisdiction in which a foreign divorce decree is sought in order to give a court jurisdiction to grant a divorce; that principle has been held to apply to divorce decrees granted in foreign jurisdictions, even though a domicile is not required by the laws of the foreign jurisdiction. *Litvaitis* v. *Litvaitis*, 162 Conn. 540, 295 A.2d 519 (1972).

Subsequently, the Supreme Court of Connecticut held, for purposes of establishing the jurisdiction of a court to grant a decree of dissolution of marriage, "domicile" is that place where a person has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home, unless or until something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home. *Spaulding* v. *Spaulding*, 171 Conn. 220, 368 A.2d 14 (1976).

Inasmuch as the certified Dominican Republic divorce decree contained in the record shows that both the petitioner and his first spouse were domiciled in New York on May 23, 1977, neither spouse has met

the domiciliary requirement set out in Connecticut law. The petitioner's divorce is not entitled to recognition under Connecticut law. See *Litvaitis* v. *Litvaitis, supra; Spaulding* v. *Spaulding, supra.*

Accordingly, as the petitioner's prior marriage was not dissolved as a result of the decree rendered on May 23, 1977, the petitioner was not free to marry the beneficiary's mother on November 5, 1977. Consequently, the "stepchild" relationship for immigration purposes was not established between the petitioner and the beneficiary.

The decision of the Acting District Director was correct. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.