## MATTER OF REVELO

## In Visa Petition Proceedings

## A–19518541

### Decided by Board March 7, 1979

(1) Under Connecticut law, a bona fide domicile by at least one of the parties to a foreign divorce in the country where the divorce took place is required for recognition, whether the divorce is ex parte or by mutual consent. *Matter of Biebl*, Interim Decision 2672 (BIA 1978); *Litvaitis v. Litvaitis*, 162 Conn. 540, 295 A.2d 519 (1972); *Gildersleeve v. Gildersleeve*, 88 Conn. 689, 92 A. 684 (1914).

(2) A party must have a legally protected interest in order to participate in a judicial proceeding so that the legal questions are framed with the necessary specificity and the issues contested with the necessary adverseness and vigor. *Flast v. Cohen*, 392 U.S. 83 (1968).

(3) In a visa petition proceeding the District Director is an adjudicator, not an adversary who needs standing to participate, therefore, the term "standing" has no relevance to his role.

(4) The Immigration and Naturalization Service has the power to contest the validity of a foreign divorce in visa petition proceedings.

ON BEHALF OF PETITIONER:
Joseph N. Tauber, Esquire
29 Hoyt Street
Stamford, Connecticut 06905

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case presents an appeal from the decision of the Acting District Director dated June 12, 1978, denying a visa petition filed on behalf of the beneficiary as the spouse of the petitioner pursuant to section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The appeal will be dismissed.

The petitioner is a native and citizen of Ecuador who was admitted as a lawful permanent resident of the United States at New York on April 9, 1974. The beneficiary is a native and citizen of Colombia. On December 18, 1976, the parties married in Stamford, Connecticut, after each had obtained Dominican divorces from their previous spouses in 1975.

The Acting District Director denied the visa petition concluding that the parties' marriage subsequent to the Dominican divorces was invalid under Connecticut law, and, thus, the beneficiary was not entitled to

preference immigration status through the petitioner. His conclusion was based on the Connecticut Supreme Court's decision in *Litvaitis* v. *Litvaitis*, 162 Conn. 540, 295 A.2d 519 (1972), where the court ruled that in order for a foreign divorce to be recognized in Connecticut, at least one of the parties must be a good faith domiciliary of the foreign country where the divorce was obtained. Since the petitioner was a lawful permanent resident of the United States when the divorce took place and there was no record of the beneficiary having been in the Dominican Republic, the Acting District Director concluded that neither party was a Dominican domiciliary and the divorce would not be recognized under Connecticut law.

The legal validity of a marriage is generally determined by the place of celebration. *Matter of Levine*, 13 I. & N. Dec. 244 (BIA 1969); *Matter of Freeman*, 11 I. & N. Dec. 482 (BIA 1966). In the present case, Connecticut is the place of the marriage celebration, thus, we must evaluate the marriage's validity under Connecticut law.

In *Matter of Biebl*, Interim Decision 2672 (BIA 1978), we examined the law of Connecticut and concluded that a bona fide domicile by at least one of the parties to the divorce in the country where the divorce took place was required in order to recognize it. 8 C.F.R. 204.2(c)(2) specifically requires a petitioner to establish the validity of a claimed divorce. Since the petitioner has not submitted any evidence to prove that any of the parties to the two divorces was a Dominican domiciliary, the petitioner has not met his burden of proving that he is entitled to the immigration benefits sought. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966).

However, the petitioner at oral argument has attempted to distinguish the facts in the present case from those considered by the Connecticut court in *Litvaitis* v. *Litvaitis, supra*. He points out that *Litvaitis* dealt with an ex parte divorce unlike the mutual consent divorce which the petitioner and beneficiary in the present case obtained.

Although we agree with the petitioner's contention that *Litvaitis* was not a mutual consent divorce, that difference does not require a different result from the Acting District Director's conclusion. In *Litvaitis* the Connecticut Supreme Court was not stating a rule limited to ex parte divorces. Rather, the court in *Litvaitis* was restating its previous holdings in other cases involving bilateral divorces, that a bona fide domicile by at least one of the parties was a requirement for recognition under Connecticut law. See *Gildersleeve* v. *Gildersleeve*, 88 Conn. 689, 92 A. 684 (1914); *Rice* v. *Rice*, 134 Conn. 440, 58 A.2d 523 (1948); *State* v. *Cooke*, 110 Conn. 348, 148 A. 385 (1930). The rationale for the Connecticut rule is that the divorcing court must have personal jurisdiction and also *res* jurisdiction over the marriage which is the *res* in a divorce proceeding. See *Gildersleeve* v. *Gildersleeve*, 92 A. at 685.

We also reject the petitioner's contention that the Acting District Director lacks standing under Connecticut law to challenge the validity of the Dominican divorces. The word "standing" is a legal term intimately related to a court's jurisdiction. The courts must ascertain that a party has a legally protected interest in order to allow him to participate in a judicial proceeding so that the legal questions will be framed with the necessary specificity and the issues contested with the necessary adverseness and vigor. See *Flast* v. *Cohen*, 392 U.S. 83, 106 (1968).

In a visa petition proceeding the Acting District Director is not an adversary who needs standing to participate. 8 C.F.R. 103.1(n) grants the District Director the power to adjudicate the visa petition. Thus, the District Director's role is that of an adjudicator and not an adversary in visa petition proceedings. The term "standing" has therefore no relevance with regards to the Acting District Director's role in adjudicating a visa petition. We impliedly held that the Service has the power to contest the validity of a foreign divorce in visa petition proceedings. See, *e.g.*, *Matter of Guzman*, Interim Decision 2484 (BIA 1976); *Matter of Darwish*, 14 I. & N. Dec. 307 (BIA 1973); *Matter of Atwater*, 14 I. & N. Dec. 410 (BIA 1973). Thus, the petitioner's contention is without merit and the appeal will be dismissed.

**ORDER:** The appeal is dismissed.