**In re CIVIL ROGATORY LETTERS FILED BY the CONSULATE OF THE UNITED STATES OF MEXICO.**

Misc. No. L–86–6.

United States District Court, S.D. Texas, Laredo Division.

Aug. 8, 1986.

---

ORDER

KAZEN, District Judge.

Presently pending before the Court are civil rogatory letters filed by the Consulate of the United States of Mexico requesting judicial assistance in enforcing a judgment issued by a Mexican court. That judgment appears to order Juan Perez Flores to pay Sergio Carmona Ochoa approximately two million pesos. The parties appear to be Mexican nationals, but Flores allegedly resides in Laredo, Texas. This Court concludes that the relief sought is beyond the scope of assistance which a United States District Court may give pursuant to a request for judicial assistance by letters rogatory.

The usual procedure for filing letters rogatory is for the foreign government to forward the request through the United States Department of State. The State Department screens the requests and directs the letters rogatory to the appropriate court or returns them unexecuted. In the instant case, the Mexican Consulate in Laredo, Texas simply filed the letters rogatory with the Clerk of the Court. It appears, however, that under the applicable consular conventions, the Mexican Consulate may directly transmit letters rogatory to the applicable court. *See,* Vienna Con-

vention on Consular Relations and Optional Protocol on Disputes, Article 5(j) (April 24, 1963); and Consular Offices, Convention between the United States of America and Mexico, article VII(c) (Proclaimed June 16, 1943). Assuming, without deciding, that the Mexican Consulate acted appropriately in filing the instant letters rogatory with the Clerk of this Court, it still appears that the request for judicial assistance pursuant to letters rogatory utilizes the wrong vehicle to enforce a foreign judgment.

On February 3, 1976, the United States Department of State circulated a general letter to various consular officials concerning the scope of judicial assistance afforded to foreign tribunals and litigants. This letter was also circulated to all federal judges on February 25, 1976 by the Administrative Office of the United States Courts. In the letter, the State Department wrote:

> "The Department of State receives from time to time a variety of requests from foreign tribunals asking, for example, that their judgments be enforced; ... that property in the United States be sequestered: ... such requests are beyond the scope of authority granted to the courts by law...; *foreign judgments, decrees, or orders cannot be enforced in the United States by means of a request for judicial assistance,* and the Department of State will return such requests unexecuted. Return of a request under these circumstances does not imply that a judicial remedy is not available in the U.S.; it simply means that the remedy cannot be had through the medium of letters rogatory. (Emphasis added).

The Department of State based its position on 28 U.S.C. § 1782, entitled "Assistance to foreign and international tribunals and to litigants before such tribunals." The scope of this section is limited to the court's role in procuring testimony or evidence for use in a foreign tribunal. Nothing in this or any other section provides for the enforcement of a foreign judgment through the use of letters rogatory.

Thus, the Court declines the use of its offices to enforce the foreign judgment through the instant letters rogatory. The Clerk is hereby ORDERED to return the unexecuted letters rogatory to the appropriate official of the Consulate of the United States of Mexico in Laredo, Texas. This action is taken without prejudice to the filing of a regular suit by the owner of the judgment, seeking to enforce same after proper service of citation upon the Defendant.