**TACUL, S.A., et al.**

v.

**HARTFORD NATIONAL BANK & TRUST COMPANY, now Connecticut National Bank.**

**Misc. Civ. No. H–88–23 (PCD).**

United States District Court, D. Connecticut.

Sept. 12, 1988.

William F. Healey, Gould, Killian & Wynne, Hartford, Conn., for plaintiffs.

Paul D. Sanson, Richard R. Steinmetz, Shipman and Goodwin, Hartford, Conn., for defendant.

### RULING AND ORDER RE MOTION TO QUASH WRIT OF EXECUTION

DORSEY, District Judge.

On June 10, 1988, the Consulate of the United States of Mexico filed a Letter Rogatory directed to this court requesting assistance in enforcing a judgment entered against the Connecticut National Bank ("CNB") by the Second Civil Court of the Federal District in Mexico City. A copy of the judgment is included with the Letter Rogatory. Based upon the Letter Rogatory, the Clerk issued a writ of execution against the assets of CNB to satisfy the judgment. CNB moves to quash the writ on the ground that a judgment of a foreign country cannot be enforced through the use of letters rogatory. Plaintiffs have

submitted no memorandum in opposition to the motion to quash.

Statutory provisions permit a federal district court, in response to a Letter Rogatory, to assist a foreign tribunal by compelling testimony or evidence for use in the foreign proceedings. 28 U.S.C. § 1782. However, no federal statute provides for the issuance of a writ of execution to enforce a foreign judgment pursuant to a Letter Rogatory. *Id.; In re Civil Letters Rogatory*, 640 F.Supp. 243, 244 (S.D.Tex. 1986) (declining to enforce Mexican judgment through letters rogatory). In the absence of an applicable federal statute, "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practices and procedure of the state in which the district court is held, existing at the time the remedy is sought." Fed.R. Civ.P. 69(a). However, the Connecticut Uniform Enforcement of Foreign Judgments Act, Conn.Gen.Stat. § 52–604, *et seq.*, applies only to a "judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." § 52–604. No provision of the Act authorizes the issuance of process upon the filing of letters rogatory from a foreign country's courts; nor has any Connecticut authority been found which applied the Act to the judgments of a foreign country. *Cf. Litvaitis v. Litvaitis*, 162 Conn. 540, 544, 295 A.2d 519 (1972) (comity, not full faith and credit applied to judgment of foreign nation).

As there is no authority for the issuance of a writ of execution to enforce a foreign judgment through the use of letters rogatory, the writ of execution was improperly issued. Accordingly, CNB's motion is granted and the writ of execution issued July 7, 1988, shall be quashed. The Clerk shall return the Letter Rogatory to an appropriate official of the Consulate of the United States of Mexico in New York City, New York, with a copy of this ruling. This ruling is without prejudice to the enforcement of the judgment by its owner through any means authorized by law, including the filing of a regular lawsuit thereon. *See In re Civil Letters Rogatory*, 640 F.Supp. at 244.

It is hereby ORDERED:

1. The writ of execution issued July 7, 1988, against the assets of the Connecticut National Bank is hereby quashed; and

2. The Clerk shall return the unexecuted Letter Rogatory to an appropriate official of the Consulate of the United States of Mexico in New York City, with a copy of this ruling and order.