[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
I. Procedural History
The plaintiff filed a petition in two counts. The first count was to "domesticate" a foreign judgment (Dominican Republic) pursuant to Connecticut General Statutes Section46b-71. The second count is filed pursuant to Connecticut General Statutes Section 46b-90 et seq., The Uniform Child Custody Jurisdiction Act (UCCJA). The plaintiff also filed a motion to modify the Dominican Republic decree regarding custody.
The defendant filed a motion to strike plaintiff's petition, claiming that judgments of a foreign country are specifically exempt from Connecticut General Statutes Section CT Page 351046b-71. Furthermore, the defendant claims that this Court does not have jurisdiction to modify a decree from a foreign country. The defendant filed the required memorandum of law in support of her motion to strike. The plaintiff filed an objection to the motion to strike together with his memorandum of law in support of his objection.
Both parties have filed the required affidavits in compliance with the UCCJA (46b-99). Both parties urge the Court to take jurisdiction over their custody dispute. Both parties acknowledge that Connecticut is the children's "Home State" pursuant to the UCCJA. The plaintiff-father lives in the Commonwealth of Massachusetts and the defendant-mother lives in the State of Connecticut.
Both parties agree that they entered into a separation agreement and dissolved their marriage in the Dominican Republic. Neither party was a "good faith" domiciliary of the Dominican Republic at the time of the entry of the decree. They disagree on the issue of whether this Court should enter an initial custody decree, or modify the Dominican Republic decree.
The defendant's motion to strike is granted as to the First Count of plaintiff's petition. The plaintiff is ordered to file an amended complaint incorporating plaintiff's allegations in the Second Count and adding allegations setting forth the jurisdictional requirements for this Court to take jurisdiction and to enter custody and visitation orders under the UCCJA, and Connecticut General Statutes Section 46b-61.
II. Law
The general rule in Connecticut that our courts will not recognize a judgment rendered by a court of a foreign nation, unless at least one spouse was a good faith domiciliary of the foreign nation at the time the judgment was entered. Livaitis v. Litvaitis, 162 Conn. 540, 544-46 (1972). This Court also lacks jurisdiction to modify the separation agreement of the parties. Hayes v. Beresford, 184 Conn. 550,562 (1981).
Furthermore, a foreign nation decree is not recognized as a local judgment. This Court is without subject matter CT Page 3511 jurisdiction to enter any orders modifying that judgment. This Court might give recognition to such a decree under the doctrine of comity, but only for enforcement purposes. Litvaitis, Supra at 544. This is distinguished from final judgments of any state of the United States which are given full faith and credit under the U.S. Constitution. Krueger v. Krueger, 179 Conn. 488, 490 (1980). However, this ". . . Court has no competency to exercise power over an out-of-state matrimonial judgment that does not satisfy the requirements of Section 46b-70." Mirabel v. Mirabel, 30 C.A. 821 (1993).
This case will be handled by this Court, as a custody/visitation dispute under Connecticut General Statutes Section 46b-61. It will be treated as a case under the UCCJA where no other state has jurisdiction and Connecticut is the "Home State" of the children. Section 46b-90, et. seq. Connecticut General Statutes.
III. Conclusion
Defendant's Motion to Strike is granted. The plaintiff is ordered to file an amended complaint in accordance with this decision within 30 days.
So ordered.
BY THE COURT,
Jonathan, J. Kaplan Judge, Superior Court