[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DISMISSAL
The plaintiff filed a certified copy of a Mexican decree dissolving the parties' marriage by utilizing § 46b-70 et seq., Gen. Stat. She then moved to have the defendant held in contempt alleging he failed to pay periodic alimony in accordance with the parties' agreement incorporated by reference in the decree. The defendant then moved for modification or termination of the alimony.
When the matter came on for hearing the court, sua sponte, raised the issue of jurisdiction.
In Kramer v. Kramer, 7 CSGR 546 (May 11, 1992) the plaintiff's attempt to file an Israeli judgment of dissolution of marriage was objected to and the objection was sustained by the New Haven Superior Court (Bassick, J.).
The general rule applicable is:
 "The full faith and credit cause of the constitution of the United States does not apply to a divorce obtained in a foreign country."
as stated in Litvaitis vs. Litvaitis, 162 Conn. 540, 544 (1972). Only foreign matrimonial judgments entered by a court of any state in the United States may become a judgment of the court of this state, provided both parties appeared in the initial action. To domesticate a decree entered in another state is to afford it full faith and credit in this state.
It may be that the Mexican decree can be enforced because of the comity due to the courts and judgments of the foreign country, as discussed inLivaitis vs. Litvaitis, pp. 544-545.
A separate action on the judgment or on the agreement is required to CT Page 9135 allow the parties the opportunity to explore the "several important exceptions and qualifications" applicable to the principle of comity, Id., 545.
This court has concluded that a foreign country's decree of marriage dissolution cannot be domesticated as attempted in this case.
Therefore, either party's attempt to either enforce or modify the Mexican decree cannot be brought via Chapter 815, Part II, Gen. Stat.
The application is dismissed.
HARRIGAN, J.