[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff has filed for a dissolution of her marriage with the defendant. The defendant has moved to dismiss the action on the grounds that this court lacks jurisdiction due to the issuance of a prior divorce decree in Egypt.
The plaintiff and the defendant were married on November 11, 1984 in Egypt. Soon after their marriage, they moved to the United States. From 1984 until September 15, 2000, both parties continuously resided in Connecticut. The plaintiff and the defendant have four children, all of whom were born in Connecticut. The parties and their children are citizens both of the United States and Egypt.
On September 15, 2000, the defendant removed the three youngest children, ages three, nine and eleven, from school and took them to Egypt without the knowledge or permission of the plaintiff. Since that date, the defendant has resided in Egypt with the three children. On September 27, 2000, the defendant obtained a certificate of divorce in Egypt. The plaintiff had no prior notice that the defendant was seeking a divorce decree in Egypt and was given no opportunity to be heard in Egypt with respect to the certificate of divorce.
On October 4, 2000, the plaintiff initiated the current action for a dissolution of her marriage to the defendant. That same day the court granted ex parte the plaintiff's motion for temporary custody of the four minor children. Temporary custody of the four children with the plaintiff was affirmed at a hearing on October 26, 2000. On November 7, 2000, Attorney Janice N. Mack filed her appearance in this action on behalf of the defendant and on December 4, 2000 filed the subject motion to CT Page 130 dismiss.
The defendant claims that this court should recognize under the principle of comity the divorce judgment obtained by the defendant in Egypt and dismiss this dissolution action. The defendant also asserts that, even if comity does not mandate the recognition of the Egyptian decree, the plaintiff should be barred under the doctrine of practical recognition from attacking the validity of that decree.
The plaintiff contends that this court should not extend comity to the Egyptian certification of divorce because the defendant was not domiciled in Egypt at the time he obtained the decree and the decree was obtained through procedures which denied the plaintiff due process of law. The plaintiff also asserts that the doctrine of practical recognition does not apply to the facts of this case. Based on the evidence presented at a hearing on the defendant's motion to dismiss, the court agrees with the plaintiff.
The law governing the recognition of divorce decrees from foreign courts is well-established. In the seminal case of Litvaitis v.Litvaitis, 162 Conn. 540 (1972), the Connecticut Supreme Court held that, while the full faith and credit clause of the United States constitution does not apply to judgments of foreign nations, such judgments are entitled to recognition in this state under the principle of comity. Id., 544. The court also noted that the principle of comity is frequently applied in divorce cases. Id. Notwithstanding the respect due the decisions of foreign courts, the principle of comity is not unbounded. "The principle of comity, however, has several important exceptions and qualifications. A decree of divorce will not be recognized by comity where it was obtained by a procedure which denies due process of law in the real sense of the term, or was obtained by fraud, or where the divorce offends the public policy of the state in which recognition is sought, or where the foreign court lacked jurisdiction." Id., 545.
The defendant in this case asks the court to recognize the divorce decree he obtained on September 27, 2000 in Egypt. In order for this court to defer to the certificate of divorce issued by the court in Egypt, the court in Egypt must have had jurisdiction to issue such a decree. Essential to a court's divorce jurisdiction is that at least one of the parties had a domicile in that country. Litvaitis v. Litvaitis, supra, 162 Conn. 545. If neither spouse was domiciled in the foreign nation granting the divorce, the court of that nation lacked jurisdiction to do so and its judgment will not be afforded comity. Id., 546. "Regardless of its validity in the nation awarding it, the courts of this country will not generally recognize a judgment of divorce rendered by the courts of a foreign nation as valid to terminate the existence of a CT Page 131 marriage unless, by the standards of the jurisdiction in which recognition is sought, at least one of the spouses was a good faith domiciliary in the foreign nation at the time the decree was rendered." Id.
A key ingredient to domicile is an intention to permanently remain in the country. "To constitute domicil, the residence at the place chosen for the domicil must be actual, and to the fact of residence there must be added the intention of remaining permanently; and that place is the domicil of the person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with the present intention of making it his home." Id. See also Spalding v. Spalding,171 Conn. 220, 228 (1976).
The evidence establishes that the defendant did not intend to permanently reside in Egypt. The defendant has lived continuously in Connecticut for the past sixteen years. For the last twelve years, the defendant has worked at Sikorsky Aircraft. His youngest son, Abdellah, suffered significant brain damage in an accident and is in need of substantial medical and rehabilitative services. His oldest son, Mohamed, remains in Connecticut with the plaintiff. After leaving abruptly for Egypt without the knowledge or permission of the plaintiff, the defendant, through his brother, delivered a written statement to the school of his son, Abdelrahman. The statement indicated that "due to unusual circumstances" the defendant had to leave the United States, but the child will be away for only "three to six months." The defendant has provided no evidence to contradict this written statement nor has he provided any other evidence indicating an intent on his part to permanently relocate to Egypt. Given the defendant's strong ties to Connecticut and his written statement that his absence would be temporary, I find that the defendant did not intend to permanently reside in Egypt in September 2000.
The Egyptian certificate of divorce is also not entitled to comity because the decree was obtained by the defendant without affording due process to the plaintiff. The plaintiff was not present personally or through counsel in the Egyptian court at the time the decree was issued. The plaintiff received no prior notice that the defendant was seeking a certificate of divorce in Egypt and she was given no opportunity to be heard prior to the issuance of the decree. It is a fundamental tenet of the due process of law that all parties be given notice of the pendency of the proceedings and a meaningful opportunity to be heard. Winick v.Winick, 153 Conn. 294, 299 (1965). "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, CT Page 132 until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." (Citations and internal quotation marks omitted.) Hasbrouck v. Hasbrouck 195 Conn. 558, 559-560
(1985). Comity does not countenance a court judgment that the plaintiff had no prior notice of and no opportunity to contest. See Ewart v.Meyer-Morlock, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV91-0121173 (June 19, 1992) (Rush, J.).
The defendant further asserts that the doctrine of practical recognition prevents the plaintiff from contesting the certificate of divorce that he procured in Egypt. The defendant contends that the parties were married in Egypt in accordance with their Islamic religion and that they both participated in a religious ceremony on August 5, 2000 in Connecticut during which the defendant divorced the plaintiff pursuant to the tenets of Islam. The defendant claims that the plaintiff agreed to this religious divorce and that he merely legalized the divorce on September 27, 2000 in Egypt. He asserts that it would now be inequitable to allow the plaintiff to invalidate a divorce that she previously agreed to.
The doctrine of practical recognition accords recognition to a divorce decree rendered in a foreign nation in those situations where it would be inequitable to allow the party attacking the decree to do so. Bruneau v.Bruneau, 3 Conn. App. 453, 457 (1985). "The rule precluding a person from attacking the validity of a foreign divorce if, under the circumstances, it would be inequitable to do so is not limited to situations of what might be termed `true estoppel' where one party induces another to rely to his damage upon certain representations as to the facts of the case. If the person attacking the divorce is, in doing so, taking a position inconsistent with his past conduct, or if the parties to the action have relied upon the divorce, and if, in addition, holding the divorce invalid will unset relationships or expectations formed in reliance upon the divorce, then estoppel will preclude calling the divorce in question. Thus, if one party has accepted benefits under the original decree or waited an unreasonably long time before attacking it, an invalid decree will be held immune from attack, particularly if the other party has remarried in the meantime." (Citations and internal quotation marks omitted.) Id., 457-458. Even if a divorce decree rendered in a foreign country is otherwise invalid under the exceptions to comity set forth inLivaitis, the judgment may be permitted practical recognition.
In Bruneau, the court prevented one spouse from invalidating a divorce obtained by the other spouse in Mexico despite the lack of domicile by either spouse in Mexico because she willingly participated in procuring the dissolution by appearing through counsel, her husband had relied on CT Page 133 the divorce decree by remarrying, and she waited nineteen years before questioning the Mexican divorce.
Unlike the situation in Bruneau, it would not be inequitable under the circumstances of this case to allow the plaintiff to attack the divorce judgment that the defendant obtained in Egypt. The plaintiff did not participate in or consent to the divorce proceedings initiated by the defendant in Egypt. The plaintiff immediately questioned the validity of the Egyptian divorce decree upon learning of its existence and the defendant has not justifiably entertained expectations or formed relationships in reliance on the Egyptian judgment. The fact that the plaintiff may have participated in a religious ceremony in Connecticut does not equitably estop her from questioning the judgment procured ex parte in Egypt. It is the Egyptian judgment not the religious divorce that the defendant seeks to have this court recognize.
For the foregoing reasons, the defendant's motion to dismiss is hereby denied.
BY THE COURT
Judge Jon M. Alander