[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court by way of the plaintiff wife's ("wife") Complaint dated July 27, 2000, seeking enforcement of the terms of a Separation Agreement dated February 10, 1971. The marriage of the parties was dissolved by virtue of a bilateral decree rendered by the First Civil Court of Bravos District, State of Chihuahua, Republic of Mexico, on February 16, 1971, in which the defendant husband ("husband") personally appeared and the wife appeared by way of an attorney. Neither party contests the validity of that portion of that decree dissolving their marriage. The above Separation Agreement was incorporated by reference (but not merged) in the decree. It is this aspect of the decree around which swirls the present controversy. For the next twenty-six years, the husband, who subsequently remarried, observed the terms of the agreement. The wife never remarried. At the time of the original decree, the parties had three minor children; now all are adults. The husband was then a practicing physician; he has since retired. Both parties are in their seventies. In 1997, the husband stopped payments necessitating a return to court by the wife to enforce the agreement. The matter was settled without a hearing, and therefore, neither jurisdictional nor substantive issues were ever ruled upon. Again, in 1998, the husband failed to meet his obligations, and the wife brought a civil action to enforce the contract, followed by the present action. Both actions are currently pending. This dual legal attack is the subject of another portion of the husband's challenge.
Prior to the filing of the Complaint, the wife attempted to domesticate the Mexican decree (with the incorporated Separation Agreement) pursuant to Section 46b-70 et. seq. C.G.S. and sought a finding of contempt thereon. Judge Harrigan dismissed the action by Memorandum of Decision dated July 5, 2000, however, in his opinion, he referred to the possible use by the wife of an action on the judgment or agreement in order "toexplore the several important exceptions and qualifications avplicable tothe principle of comity." (Emphasis added) Since the filing of the present action, the parties have been caught up in a tangle of procedural issues and have yet to reach any substantive ones. In the latest round, the husband has filed a Motion to Strike or in the alternative, a Motion to Dismiss (#117). The wife has filed an Objection to the motion (#119). Both parties have filed memorandums of law in support of their respective CT Page 9224 positions.
 LAW
Motion to Dismiss:
A motion to dismiss tests the jurisdiction of the court. Practice Book Sections 25-12 and 25-13 (a). Pleadings must be filed in a set order, and by filing of a motion later in that sequence, a party waives the right to plead a motion which precedes it in that order. A motion to dismiss precedes a request to revise and a motion to strike. On October 17, 2000, the husband filed a Motion to Dismiss (#104) challenging the subject matter jurisdiction of the court. The motion was denied. Later, on February 28, 2001, the husband filed a Motion to Strike to which he joined in the alternative, another Motion to Dismiss (#117). The basis for the second Motion to Dismiss was twofold, and based upon 1) the prior pending action doctrine and 2) subject matter jurisdiction. The doctrine of prior pending action does not "implicate jurisdiction" and therefore cannot be raised at any time. Gaudio v. Gaudio, 23 Conn. App. 287, 295
(1990). Since the civil action was already pending at the time of the husband's original motion to dismiss, his failure to assert the claim of prior pending action at that time should alone be sufficient to deny it. However, the intervening Request to Revise dated November 21, 2000 (#111), seals its fate on that issue. As this case involves a separation agreement, in a bench ruling this court previously found that subject matter jurisdiction lies to hear this class of case pursuant to Section46b-1(15) C.G.S. Amodio v. Amodio, 247 Conn. 724, 728-30 (1999). [Court distinguished between subject matter jurisdiction and the exercise of statutory authority] Moreover, for the reasons set forth below, the court makes a specific finding that it has jurisdiction to apply equity in cases such as this, where warranted by the facts and circumstances. While the issue of subject matter jurisdiction can be raised at any time and in any order (Practice Book 25-14), once raised and dealt with as here, the issue should be settled. The husband is not entitled to repeated "bites at the apple."
Therefore, the motion to dismiss should be denied as untimely and without merit.
Motion to Strike:
A motion to strike challenges the legal sufficiency of the allegations of a pleading to state a claim upon which relief can be granted. Practice Book Section 25-16(a); see also Practice Book Section 10-39(a). In other words, it asks has the plaintiff stated a recognizable cause of action? "[F]or the purpose of a motion to strike, the moving party admits CT Page 9225 all facts well pleaded." R.K Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n 2, 650 A.2d 153 (1994). While Connecticut is a fact-pleading state, the application of the rule is ultimately intended to provide a minimum framework for the court and the opposing party to address the ultimate issues. The goal is not perfection but fundamental fairness.
A review of the file as a whole makes it crystal clear that the two basic issues which the wife is attempting to bring before the court are 1) the interpretation and enforcement of a contract between the parties, and 2) whether of not the Mexican decree, including the separation agreement incorporated therein, is entitled to some recognition in law or in equity. Moreover, in the wife's claims under her Second Amended Complaint (#116) she seeks both the "enforcement of the Separation Agreement" and the "enforcement of the divorce decree." This is a clear statement of her claims. If the husband has the slightest doubt as to that fact, it is only because his repeated motions and requests have created a veritable "cat's cradle."
It has long been held in Connecticut that the rules of comity do not require a state to recognize or enforce every decree of a foreign nation, in particular, in the area of divorce. Litvaitis v. Litvaitis,162 Conn. 540, 544 (1972). However, the courts have carved out some limited exceptions where, under the facts and circumstances of the particular case, equity demands recognition, even if the foreign decree is jurisdictionally invalid. Thus we have the doctrine of "practical recognition" Bruneau v. Bruneau, 3 Conn. App. 453, 457-58 (1985); Bakerv. Baker, 39 Conn. Sup. 66, 71 (1983).
A review of the pleadings already on file indicates that the following facts are uncontroverted, that: 1) the parties were divorced by virtue of a Mexican decree in February 1971; 2) the parties entered into a Separation Agreement in Connecticut in February 1971, which agreement was incorporated into the Mexican decree; 3) the husband has remarried; 4) neither party has contested or currently contests the validity of the divorce decree terminating their marriage; 5) the wife has relied upon the terms of the decree and agreement for her support since 1971; and 5) the husband has made voluntary payments under the terms of the Separation Agreement from 1971 to at least 1996. These facts are sufficient to warrant a timely as well as a full and fair hearing on the issue of whether or not it is equitable and appropriate for the court to apply the doctrine of practical recognition to the Mexican decree.
In addition, the wife has pleaded the contract itself, as is her well-established right. Hayes v. Beresford, 184 Conn. 558 (1981);Bruneau, supra, 459. CT Page 9226
The wife is entitled to her day in court. Therefore, the Motion to Strike should be denied.
 ORDER FOR THE FOREGOING REASONS the defendant's Motion to Strike or in the alternative the Motion to Dismiss are HEREBY DENIED, and the plaintiff'sObjection thereto is HEREBY SUSTAINED. It is FURTHER ORDERED that suasponte, the pending civil action, to wit: CV00-0178666S is HEREBYCONSOLIDATED into FA00-0179465S for all further proceedings pursuant to Section 9-5 (a) Connecticut Practice Book.
THE COURT
SHAY, J.