[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE. MOTION TO DISMISS
The defendant has moved to dismiss this action for dissolution of marriage on the grounds that he had previously obtained an annulment of the marriage in an Israeli judgment which, he asserts, is entitled to recognition under the doctrine of comity.
The plaintiff and the defendant, who is also know as Chaim Bezalel, were mated by a Baptist minister in Chicago, Illinois on April 21, 1976. They have three children, Ezra Spilke, born December 7, 1977, George Spilke, born April 30, 1981 and Sam Spillce, born May 10, 1983.
On July 6, 2000, the plaintiff filed an action for dissolution of the marriage. The defendant moved to dismiss the dissolution action on November 14, 2001, on the ground that the marriage was annulled in Israel on September 27, 1995, by the Jerusalem District Court. The defendant filed a memorandum of law in support of his motion on December 6, 2001. The plaintiff filed a memorandum in opposition to the motion to dismiss and an amendment to her objection. The defendant filed a reply to the amended objection.
The plaintiff's objection is based on the defendant's return to Israel, which she argues was fraudulent, and the Jerusalem court's failure to grant the plaintiff additional time to allow the completion of an investigation by the Israeli Department of the Interior regarding the defendant's entry as an immigrant to Israel. The amended objection is based on the fact that the defendant failed timely to file his memorandum in support of the motion to dismiss.
In 1988, the defendant went to Israel to avoid prosecution for failure to pay income tax on approximately $500,000. The defendant entered Israel claiming that his nationality was Jewish and his religion was Jewish. The CT Page 2919 defendant, however, had converted from Judaism to born again Protestant Christian in 1976. (Plaintiff's Exhibit B.) Other relevant facts are included in the analysis of the parties' claims.
 DISCUSSION
A "motion to dismiss shall be used to assert . ., lack of jurisdiction over the subject matter." Practice Book § 25-13(a)(1). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." (Brackets in original; citations omitted; internal quotation marks omitted.)Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706
(1998). This court has subject matter jurisdiction over dissolution actions pursuant to General Statutes § 46b-1.
The defendant moves to dismiss the present action arguing that the marriage was annulled by the Jerusalem District Court in 1995, and under the principle of comity should be recognized by this court. In response, the plaintiff argues that the annulment of the marriage was based on fraud and, as such, should not be recognized by this court. The plaintiff also argues that she was denied due process of law by the Jerusalem District Court because the court denied her request for a postponement of the proceedings because the plaintiff was waiting for the Department of the Interior to complete an investigation regarding the defendant's status as an Israeli citizen. Additionally, the plaintiff's amended objection raises the issue of whether the defendant's failure to file a memorandum of law in support of the motion to dismiss along with the motion as required by Practice Book § 25-13, should result in denying the motion to dismiss. This court will not "elevate form over substance" and instead will reach the merits. Newman v. Newman, 235 Conn. 82, 91,663 A.2d 980 (1995).
The defendant moves this court to recognize the Israeli court's annulment of the marriage under the principle of comity. "Comity is a flexible doctrine, the application of which rests in the discretion of the state where enforcement of a foreign order is sought. Because comity is a flexible doctrine, its contents are peculiarly subject to the dictates of public policy and consideration of fairness to litigants."Hao Thi Popp v. Lucas, 182 Conn. 545, 550, 438 A.2d 755 (1980). When a dissolution judgment rendered in a foreign country is recognized under the principle of comity, it will be "given full force and effect not only as to the determination of the parties' status, but also with respect to CT Page 2920 alimony and child support." Bruneau v. Bruneau, 3 Conn. App. 453, 445,489 A.2d 1049 (1985).
There are, however, exceptions to recognition of a foreign judgment under the principle of comity. These exceptions include the following: (1) where the judgment was obtained by fraud; (2) where the procedures of the foreign court denied due process of law to the party seeking to assert its invalidity; (3) where the decree offends the public policy of the state in which recognition is sought, in this case, Connecticut; or (4) where the foreign court, in this case Israel, lacked jurisdiction.Litvaitis v. Litvaitis, 162 Conn. 540, 545, 295 A.2d 519 (1972). In the present case, the plaintiff argues that the decree rendered in Israel was obtained by fraud and that she was denied due process of law.
I. Fraud
The plaintiff claims that the defendant's admission to Israel was based on fraudulent information and that under Israel's Law of Return, the defendant should not have been allowed to enter Israel because he converted from Judaism to Christian on November 7, 1976. (Plaintiff's Exhibit B, Certificate of Baptism.). According to the copy of the registration abstract issued by Interior of the Ministry in Ashkelon, Chaim Bezalel, the defendant, entered Israel on April 1, 1988, and was granted immigrant status on June 16, 1988. (Plaintiff's Exhibit I.) The Law of Return, as amended in 1970, provides in pertinent part: "4A. (a) The rights of a Jew under this Law and the rights of an oleh under the Nationality Law, 5712-1952***, as well as the rights of an oleh under any other enactment, are also vested in a child and a grandchild of a Jew, the spouse of a Jew, the spouse of a child of a Jew and the spouse of a grandchild of a Jew, except for a person who has been a Jew and hasvoluntarily changed his religion. . . . (a). Definition 4B. For the purposes of this Law, `Jew' means a person who was born of a Jewish mother or has become converted to Judaism and who is not a member of anotherreligion." (Emphasis added.) The defendant was Jewish by nationality and at one time was a person of Jewish faith. The defendant, however, converted from Judaism to Christianity and lied about that fact by stating that his religion was Jewish to the Interior of the Ministry as well as to the Jerusalem District Court when he went to have his marriage to the plaintiff annulled. (Plaintiff's Exhibits I and J.) The defendant, in his affidavit in support of his motion for annulment of his marriage to the plaintiff, averred that he was Jewish and his wife was Serbian Orthodox. (Plaintiff's Exhibit I.) Both the plaintiff and the defendant converted to Christianity in 1977 and 1976, respectively. (Plaintiff's Exhibits B and C.)
The defendant failed to submit any form of documentary evidence to CT Page 2921 counter the plaintiffs assertion of fraud. This court finds the defendant's action in entering Israel, as well as in obtaining his dissolution/annulment in Israel, was based on fraudulent representations. As a result, the court will not recognize the foreign dissolution/annulment judgment rendered by the Jerusalem District Court,Ruth Orr, J., on September 27, 1995.
The court also notes that the defendant would not have been granted immigrant status upon his entry into Israel in 1988 pursuant to Israel's Nationality Law, 5712-1952, and amendments thereto, under which citizenship can be acquired by birth, the Law of Return, residence or naturalization.
II. Due Process
The plaintiff argues that she was denied due process of law because her motion for extension of time to oppose the annulment/divorce was denied by Judge Orr. The plaintiff requested additional time to allow the Department of the Interior to complete an investigation regarding the defendant's immigrant status in Israel. According to the English translation of the judgment, Judge Orr found "[i]t is reasonable to suppose that if the respondent gave a better [defense] in her letter I would agree to her request and postpone the hearing for a month in order to give her a chance to appear in court. But since the couple have not lived together for nine years,[1] the respondent did not give any good reason why the marriage should not be dissolved, and has not bothered to appear in court nor to send a representative it seems to me that there is no point in additional delays."
Due process requires that a party be given notice and an opportunity to be heard. Fishbein v. Kozlowski, 252 Conn. 38, 50, 743 A.2d 1110 (1999). In the present case, the plaintiff had notice of the proceedings in Israel and the opportunity to be heard. Although this court agrees with the fact that the plaintiff had notice of the dissolution action filed in Israel and even hired an attorney on her behalf in Israel, another month for the Department of the Interior to complete its investigation of the defendant's immigration status may have been enough to allow a postponement of the action for one month. This fact, however, does not rise to the level of denial of due process.
 CONCLUSION
The motion to dismiss is denied because the proceedings in Israel involved fraudulent representation made by the defendant who would not have been allowed to enter Israel as an immigrant but for the misrepresentations and the fact that he misrepresented his religious CT Page 2922 affiliation to the Israeli court.
The parties are ordered to report for a status conference on April 11, 2002 at 9:30 a.m. to determine a trial date.
BY THE COURT,
GRUENDEL, J.