## MARY ELLEN TRELLA *v.* DONALD TRELLA
### (9144)

SPALLONE, CRETELLA and HEIMAN, Js.

Argued January 16—decision released March 12, 1991

*Robert M. Casale,* with whom, on the brief, was *Frank Iannotti,* for the appellant (defendant).

*Hugh F. Keefe,* with whom, on the brief, were *Mary B. Schairer, Richard W. Lynch* and *Charles Tiernan,* for the appellee (plaintiff).

HEIMAN, J. In this dissolution action, the defendant claims that the judgment is flawed because the trial court abused its discretion (1) in awarding permanent unallocated alimony and support on the basis of its conclusion that a disability suffered by the plaintiff precluded her from seeking gainful employment when that conclusion is not supported by the evidence, (2) in awarding approximately $20,000 in counsel fees without evidence as to the reasonableness of the fees and despite the defendant's inability to pay, and (3) in order-

ing the defendant to pay the plaintiff approximately $26,000 to reimburse financial losses that were allegedly suffered by the plaintiff's father as a result of the separation of the parties, i.e., for moneys he advanced to the plaintiff during the pendency of this action, and in lost rental income. Because our decision regarding the third claim is dispositive, we do not address the defendant's other two claims.

The facts relevant to our resolution of this matter may be briefly summarized as follows. The parties married on July 30, 1982, and had one minor child at the time of the judgment. The defendant holds B.S. and M.S. degrees. He is and has been employed as a supermarket manager for a number of years. Prior to the birth of the minor child, the plaintiff was employed as a secretary-typist. Since the birth of the child she has not been steadily employed. The court also concluded that the plaintiff was disabled as of February 5, 1990. At the time of trial, the defendant was earning $44,260 from his employment and the plaintiff had no earned income.

This action was returnable on November 10, 1987. On October 20, 1987, the plaintiff filed a motion for support pendente lite and a motion for custody of the minor child. On January 29, 1988, the plaintiff also filed a motion for alimony pendente lite. On February 19, 1988, the trial court ordered the defendant to pay to the plaintiff $400 weekly as unallocated alimony and support pendente lite, and awarded custody pendente lite to the plaintiff. The marriage was ordered dissolved on May 9, 1990. The defendant appeals from the financial orders that accompanied this dissolution.

It is during the period of the pendente lite orders that a majority of the plaintiff's alleged debt to her father was incurred. She claims that she owes her father $14,147 in unpaid rent and $13,000 as a result of cash

outlays made for her benefit. In addition, the defendant was also ordered to pay for an automobile that the plaintiff's father purchased for her for $7000. The trial court further found an arrearage on the pendente lite order in the amount of $11,699. During the pendency of the action, the defendant made pendente lite payments totaling approximately $31,000.

In our view, the trial court abused its discretion when it ordered payment by the defendant to the plaintiff for the amounts claimed to have been incurred by the father during the existence of the pendente lite order. By requiring the defendant to make these payments in addition to those required by the pendente lite orders, the trial court, in effect, modified the pendente lite orders retroactively.

The authority of the trial court to make orders concerning alimony and support pendente lite is found in the statutes. General Statutes § 46b-83. The power of the trial court to modify orders of support and alimony is also a creature of statute. General Statutes § 46b-86. Nothing in our statute regarding modification of alimony and support can be construed as authorizing retroactive modification. Such a construction has been expressly disavowed by our Supreme Court. *Sanchione* v. *Sanchione,* 173 Conn. 397, 405, 378 A.2d 522 (1977); *Litvaitis* v. *Litvaitis,* 162 Conn. 540, 549, 295 A.2d 519 (1972). Despite a number of legislative sessions since the decisions in *Sanchione* and *Litvaitis,* the legislature has not amended the modification statute to provide for retroactive modification, although other changes have been enacted concerning modification orders. It is a generally accepted principle of statutory construction that the legislature is aware of the court's interpretation of a statute. *J. M. Lynne Co.* v. *Geraghty,* 204 Conn. 361, 373, 528 A.2d 786 (1987). Further, " '[w]e presume that the legislature is aware of our

interpretation of a statute, and that its subsequent nonaction may be understood as a validation of that interpretation.' . . .'' (Citations omitted.) *McDonough* v. *Connecticut Bank & Trust Co.,* 204 Conn. 104, 119, 527 A.2d 664 (1987); see also *Phelps Dodge Copper Products Co.* v. *Groppo,* 204 Conn. 122, 134, 527 A.2d 672 (1987).

The function of an order for alimony and support pendente lite is to provide support for a spouse who the court determines requires financial assistance, and for any dependent children, until the court makes a final determination of the issues. *Fitzgerald* v. *Fitzgerald,* 169 Conn. 147, 151, 362 A.2d 889 (1975); *Weinstein* v. *Weinstein,* 18 Conn. App. 622, 639–40, 561 A.2d 443 (1989). ''Pendente lite orders necessarily cease to exist once a final judgment in the dispute has been rendered because their purpose is extinguished at that time.'' *Connolly* v. *Connolly,* 191 Conn. 468, 480, 464 A.2d 837 (1983).

Following the reasoning of the Supreme Court in *Sanchione* v. *Sanchione,* supra, and *Darak* v. *Darak,* 210 Conn. 462, 556 A.2d 145 (1989), and the express holding of this court in *Weinstein* v. *Weinstein,* supra, 642, we conclude that, in the absence of express legislative authorization for retroactive modification of unallocated alimony and support pendente lite, the trial court has no authority to order such modification. General Statutes § 46b-86 contains no such express authorization.

The trial court's order that the defendant reimburse the plaintiff for sums her father had advanced to her while this action was pending, in addition to its finding an arrearage in payments required by the pendente lite orders, the order improperly retroactively modified the pendente lite order.

It is the function of a pendente lite order to establish what the paying spouse can afford as alimony and support pendente lite. *Casanova* v. *Casanova,* 166 Conn. 304, 348 A.2d 668 (1974). The action of the trial court negated that function of a pendente lite order and was, therefore, not justified under our law.

Having concluded that the action of the trial court in its resolution of one portion of its financial orders was improper, we conclude that we are required to reverse all of the financial orders that were made by the trial court and remand the matter for a new trial with respect to all financial issues. In our view, attempting to limit the remand in this case to the issue of the retroactive modification of the pendente lite orders would "impede the trial court's ability to weigh the statutory criteria for financial orders to achieve an equitable result. The issues involving financial orders are entirely interwoven. 'The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other.' " *Sunbury* v. *Sunbury,* 210 Conn. 170, 174–75, 553 A.2d 612 (1989).

The judgment of the trial court is reversed and the case is remanded for a new trial on all financial issues.

In this opinion the other judges concurred.