## MARJORIE W. TABACKMAN *v.* LEONARD TABACKMAN
## (9465)

DALY, FOTI and HEIMAN, Js.

Argued May 30—decision released July 30, 1991

*Hugh F. Keefe,* with whom, on the brief, were *Mary Beattie Schairer, John J. Keefe, Jr., Charles Tiernan* and *Richard Lynch,* for the appellant (defendant).

*Gary I. Cohen,* with whom was *Lee Marlow,* for the appellee (plaintiff).

*Roberta S. Friedman,* for the minor children.

FOTI, J. The defendant appeals from the judgment of dissolution and the attendant orders determining child custody and financial awards. The defendant challenges the trial court's orders providing (1) joint custody of the parties' two minor children, (2) various financial orders, (3) certain postjudgment financial

awards that are retroactive to the date of judgment, and (4) counsel fees for the minor children. Because our decision regarding the first claim is dispositive, we do not address the defendant's other claims.

The facts relevant to our resolution of this matter may be briefly summarized as follows. The parties were married on July 4, 1976, and, at the time of judgment there were two minor sons, ages nine and seven, that were issue of the marriage. The court, *F. Freedman, J.,* dissolved the marriage after finding that it had broken down irretrievably. After noting that one of the major issues was the custody of the minor children, the court awarded joint custody but gave the plaintiff the final decision making authority regarding the children. The primary residence of the children was with the plaintiff and certain delineated visitation rights were granted to the defendant. The defendant was ordered to pay $150 per week for the support of each child, and certain provisions were made to ensure that health insurance was maintained. No alimony was awarded. The marital home was awarded to the plaintiff subject to the existing first mortgage that became her sole obligation. The contents of the marital home were also awarded to the plaintiff. The defendant was ordered to pay certain medical expenses and witness fees, and the counsel fees for the minor children.

A postjudgment hearing was held on November 20, 1990, during which the court, *Mihalakos, J.,* entered further orders regarding the payment of psychotherapy costs for the two minor children and the payment of attorney's fees for the children.

As a preliminary matter, we must determine whether the court, under the circumstances of this case, was authorized to award joint custody.[1]

[1] General Statutes § 46b-56a (a) provides: "For the purposes of this section, 'joint custody' means an order awarding legal custody of the minor

"A court may award joint legal custody, with or without joint physical custody, if the parties agree to joint custody or if one party seeks joint custody"; *Emerick* v. *Emerick,* 5 Conn. App. 649, 657, 502 A.2d 933 (1985), cert. dismissed, 200 Conn. 804, 510 A.2d 192 (1986); or by a motion for conciliation after a party has made a motion seeking joint custody. Id. "When one of the parties has sought joint custody in the pleadings, it is not error for the court, in the exercise of its discretion, to award joint custody." *Giordano* v. *Giordano,* 9 Conn. App. 641, 645, 520 A.2d 1290 (1987).

In this case, there is no pleading requesting joint custody. There is neither an agreement to joint custody[2] nor a motion for conciliation by one of the parties[3] following a motion for joint custody. Cf. *Cabrera* v. *Cabrera,* 23 Conn. App. 330, 344–47, 580 A.2d 1227, cert. denied, 216 Conn. 828, 582 A.2d 205 (1990).

We might determine that the award of custody in this case is the functional equivalent of an award of sole custody because it grants the plaintiff ultimate author-

---

child to both parents, providing for joint decision-making by the parents and providing that physical custody shall be shared by the parents in such a way as to assure the child of continuing contact with both parents. The court may award joint legal custody without awarding joint physical custody where the parents have agreed to merely joint legal custody."

[2] General Statutes § 46b-56a (b) provides: "There shall be a presumption, affecting the burden of proof, that joint custody is in the best interests of a minor child where the parents have agreed to an award of joint custody or so agree in open court at a hearing for the purpose of determining the custody of the minor child or children of the marriage. If the court declines to enter an order awarding joint custody pursuant to this subsection, the court shall state in its decision the reasons for denial of an award of joint custody."

[3] General Statutes § 46b-56a (c) provides: "If only one parent seeks an order of joint custody upon a motion duly made, the court may order both parties to submit to conciliation at their own expense with the costs of such conciliation to be borne by the parties as the court directs according to each party's ability to pay."

ity in all decisions regarding the children's welfare.[4] We reject this argument, however, because joint custody is the trial court's own determination of the meaning of its order. We, therefore, determine that some form of joint custody was awarded, and, because that award was made without agreement of the parties pursuant to General Statutes § 46b-56a, or after motion by one of the parties, it was improperly granted.

Having so concluded, we are required to remand this action for a new trial with respect to custody and to all financial issues. The issues involving custody of the minor children and division of property and financial orders are so interwoven as to require that they be decided as part of one integrated resolution. See *Sunbury* v. *Sunbury,* 210 Conn. 170, 174–75, 553 A.2d 612 (1989); *Trella* v. *Trella,* 24 Conn. App. 219, 223, 587 A.2d 162, cert. denied, 219 Conn. 902, 593 A.2d 132 (1991).

The judgment of the trial court is reversed and the case is remanded for a new trial as to custody and all financial orders.

In this opinion the other judges concurred.

---

[4] See *Emerick* v. *Emerick,* 5 Conn. App. 649, 657 n.9, 502 A.2d 933 (1985).