[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE DEFENDANT'S MOTION FOR MODIFICATION (#133)AND THE PLAINTIFF'S MOTION FOR CONTEMPT (#145)
The defendant's motion is granted, and the plaintiff's motion is denied.
The defendant, a commercial real estate broker, generates income from the deals he is able to bring to fruition. During 1994 he managed to generate an income stream upon which the court entered orders for periodic alimony and child support. More recently his income has been substantially diminished through no fault of his.
The orders entered on March 16, 1995 were based on the defendant's 1994 income. He had drawn a salary of $212,000.00 and was advised to draw $152,000.00 more before year end in order to reduce the corporate profit to nil. (Plaintiff's Exhibit #1, 3/16/95 hearing). His current affidavit, dated January 29, 1996 lists gross income for 1995 of $123,046.00 or $13,833.00 monthly. CT Page 2245 After withholding tax, social security and medicare, the defendant lists an average monthly income of $10,717.00. His auto, entertainment expenses and medical insurance are paid by his corporation. No value is assigned to these benefits. The facts found establish that the defendant's income has changed substantially for the worse. He is entitled to a modification.
The defendant is ordered to pay the plaintiff the sum of $2,500.00 monthly as alimony. He shall no longer be obligated for tuition bills for future billings. He shall continue to pay the mortgage installments and taxes on the family home, pay the child support of $1,000.00 per month per child, and to maintain family medical coverage for the plaintiff and children.
Although the original orders were made retroactive to January 1, 1995, the plaintiff now objects to any retroactivity regarding the modified orders. The plaintiff cites Trella v. Trella,24 Conn. App. 219 (1991) and Wolf v. Wolf, 39 Conn. App. 162 (1995) for the proposition that retroactive modification of a pendente lite support order is impermissible. The court is bound by stare decisis and cannot make the modified orders retroactive. However, the defendant is excused from paying any April, 1996 alimony or mortgage payment. The modified orders are effective on May 1, 1996. The original orders of alimony, mortgage payments and tuition payments shall terminate on March 31, 1996.
The defendant shall pay $3,000.00 on the alimony arrears on or before April 1, 1996. All remaining arrears are suspended until the trial of the case or further court order.
HARRIGAN, J.