[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'SMOTION FOR CONTEMPT (DOCKET ENTRY NO. 135)
Before the court is the plaintiff's motion for contempt (docket entry number 135), dated September 30, 1997.
Some history of this case is necessary. The marriage of the parties was dissolved on February 8, 1989. There were two children, issue of the marriage, both of whom remain minors. At CT Page 12372 the time of the dissolution, the parties had entered into a separation and support agreement, which was incorporated by reference into the divorce decree. The agreement provided for, inter alia, alimony and child support (paragraph 8) and an education trust fund (paragraph 15).
The parties have found it necessary to return to court several times since 1996 for court intervention in matters relating to alimony and support orders and the education trust fund. These court appearances have produced three memoranda of decision by the court (all by Bassick, J.) and one stipulation of the parties. Specifically, this court has referred to the following memoranda of decision and stipulation for prior findings land orders: Memorandum of Decision dated September 27, 1996 (number 118), Memorandum of Decision dated October 28, 1996 (number 121), Stipulation of the parties dated July 24, 1997, and Memorandum of Decision dated July 30, 1997 (number 133).
The plaintiff's present motion for contempt essentially alleges that the defendant has violated Judge Bassick's prior orders and the parties' own stipulation in two respects: first, that the defendant has failed to pay or to propose a payment plan for a court found arrearage on an unallocated alimony and support order, totalling $22,500; and, second, the defendant has failed to provide an educational trust fund for the parties' children as was required by the original dissolution agreement. This court addresses those claims in turn.
The first claim concerns the defendant's failure to pay a court found arrearage on a prior unallocated alimony and support order in the sum of $22,500. In his July 30, 1997, memorandum of decision, Judge Bassick wrote:
 "Based upon the evidence, the court does find an arrearage of $2,500 per month for the months of November, 1996 through and including July, 1997, or nine months at $2,500 per month for a total arrearage of Twenty-two Thousand Five Hundred ($22,500) Dollars. The parties shall confer with respect to a resolution of this arrearage over a period of time. If they are unable to agree, they shall return to court for further orders."
It is not disputed that the defendant has failed to make payments against this arrearage or to propose a payment plan. CT Page 12373 However, the defendant contends that he is not in contempt because, he claims, the plaintiff owes him money for two separate and distinct obligations. The first relates to a $35,000 to $40,000 IRS obligation arising from a jointly filed return during the marriage and which was discovered after the marriage was dissolved and in the course of an audit. The second involves a purported $20,800 loan to the plaintiff made in 1994, to allow her to participate in an investment venture. The defendant claims to have lawsuits pending against the plaintiff, on the civil side of this court, relating to these two matters.
The defendant's claim that these matters offset the arrearage he owes the plaintiff is not well taken. In short, this court believes that to now sanction an offset would be, in practice and effect, an impermissible retroactive modification of an existing arrearage. See Connecticut General Statutes § 46b-86 (a);Sanchione v. Sanchione, 173 Conn. 397 (1977); Litvaitis v.Litvaitis, 162 Conn. 540 (1972); Trella v. Trella,24 Conn. App. 219 (1991); Paddock v. Paddock, 22 Conn. App. 367 (1990). There may be other grounds, also, for denying the defendant an offset, both on a public policy basis and that of waiver. The court does not address those grounds because it believes that the prohibition against a retroactive modification is dispositive. Concerning payment of the arrearage, the court has considered the defendant's most recent financial affidavit and testimony at the contempt hearing.
The second basis for the alleged contempt is the defendant's purported failure to create and fund an educational trust for the minor children. This, again, has been the subject of two of Judge Bassick's memoranda of decision, on September 27, 1996 and October 28, 1996, as well as the parties' stipulation on July 24, 1997. In his memoranda, Judge Bassick did find that a trust had never been created as required by the divorce degree, but that the defendant had established accounts in his own name, in which he claimed were the funds for the children's education. Judge Bassick also found that the educational trust funds should have been in the sum of $101,053 through December 31, 1995.
At a hearing on the instant motion for contempt, the defendant agreed that, based upon his 1996 earnings, an additional $21,600 had to be added to bring the amount of the fund current through December 31, 1996. Also, there was evidence at the contempt hearing concerning what efforts each party had made, through counsel, to create the actual trust required by the CT Page 12374 dissolution agreement. In short, each party blamed the other for delaying the creation of the trust. The trust has yet to be created despite the fact that the dissolution occurred now more than eight years ago, and despite Judge Bassick's directives for the trust to be created.
In reviewing this portion of the matter, this court believes that the parties may well be deadlocked in their ability to create a trust which conforms to the dissolution agreement. Accordingly, the court suggested the appointment of a neutral party to create the trust. The parties have agreed to the court's suggestion, and have indicated that Attorney Thomas Drew of Westport, Connecticut, would be an acceptable neutral to create the trust and supervise its funding by the defendant.
In conclusion, the plaintiff has asked that the court find the defendant in contempt for his violation of a court order to pay a $22,500 arrearage to the plaintiff, and for his failure to create and fund the children's educational trust. Judge Bassick, in his previous memoranda, reviewed the law concerning civil contempt. This court agrees with Judge Bassick's recitation of the law and to recite it here serves no useful purpose. This court is persuaded that, based upon the evidence in the instant contempt proceeding, there has been enough of a bona fide dispute to satisfy this court that a contempt adjudication does not properly lie. Therefore, the court will not find the defendant in contempt.
The court rules as follows:
1. The plaintiff's motion for contempt is denied, and the following orders shall issue.
2. The defendant shall pay the $22,500 arrearage to the plaintiff as follows: $7,500 on or before January 1, 1998 and $1,500 per month beginning February 1, 1998 and $1,500 per month on or before the first of each month thereafter for the succeeding nine months until the arrearage is paid in full.
3. The court appoints Attorney Thomas Drew of Westport, Connecticut, to draft documents necessary to create the education trust fund referred to in paragraph 15 of the parties' dissolution agreement, as well as to supervise the execution and funding thereof. The parties shall consult CT Page 12375 with one another and with Attorney Drew concerning the drafting, execution and funding of said agreement. The initial funding shall be in the sum of $122,653, representing amounts necessary to fund the trust through and including December 31, 1996. The parties shall consult with one another and with Attorney Drew concerning additional funding based upon amounts earned by the defendant in calendar year 1997. In the event that there is any dispute or disagreement between the parties concerning the drafting, execution or funding of said trust, then either of the parties or Attorney Drew may, on motion, come back before this court to resolve said differences. The court may tax costs, attorney's fees and Attorney Drew's fees in favor of the prevailing party against the nonprevailing party if, in the opinion of the court, the nonprevailing party has been the cause for a further hearing. Attorney Drew's fees shall be allocated between the parties, according to the respective financial abilities of the parties, at the conclusion of Attorney Drew's services. This court shall continue to exercise jurisdiction over all issues relating to the education trust fund.
So ordered.
KAVANEWSKY, J.