[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff, by motion of April 19, 1999, sought orders for temporary alimony and support, pendente lite.
The parties were married on May 18, 1991. The Plaintiff is 33 years old and the Defendant 40 years old. They have four minor children issue of the marriage. The Plaintiff has never worked during the marriage. Until February 1999, the Defendant had a managerial position with a life insurance company and, in 1998, earned approximately $400,000. The Defendant was terminated from his prior employment in early 1999 and is presently unemployed. No claim is made for alimony or support based on the Defendant's earning capacity. CT Page 370
In 1999, he received a bonus of approximately $100,000. He recently deposited $99,000 into his Fleet account representing compensation for services performed prior to 1999 and he has approximately an additional $33,500 due from past earnings.
The Plaintiff claims to have radically reduced her personal and household expenses after the Defendant's loss of employment, yet the amounts on the financial affidavit remain significant.
The Defendant has paid $15,000 to $16,000 per month to support the Plaintiff and the family, exclusive of himself, through November, 1999. To do so, during the pendency of this action, he has used funds from his Fleet checking account funds and has liquidated brokerage accounts.
Defendant's financial affidavit, dated November 30, 1999, lists the following liquid assets:
 Fleet Bank Checking $111,535.80 U.S. Trust Reserve Savings 1,101.52 Peoples Checking 758.14 Peoples Savings 2.19 U.S. Trust Checking 1,414.76 Merrill Lynch Account 218,110.18 CIBC 19.21 Advest $490,763.00
Total Brokerage Bank Accounts: $823,704.80
He also has a one half interest in the equity of the family home at 8 Rustic View, Greenwich, Connecticut, and a time share in Newport, Rhode Island which he values at $910,000 (50%) and $3,500, respectively. Additionally, the Plaintiff has an Advest retirement fund in the amount of $409,687.60. The total value of his assets and retirement funds, as shown on his financial affidavit is $2,151,892.40, with total liabilities of $5,000.
The Defendant's present income, $1,312, is from dividends and interest. Plaintiff seeks temporary alimony and support in excess of this income. The Defendant claims that the court is without the power to issue an order in excess of earnings because the source payment would require an invasion of assets. The Defendant claims this, in effect, would constitute a redistribution of assets on a temporary basis and this is not permitted except as part of the final decree. CT Page 371
"Pendente lite orders, by their very definition, are orders that continue to be in force during the pendency of a suit, action or litigation. Febbroriello v. Febbroriello,21 Conn. App. 200, 206, 572 A.2d 1032 (1990). The fundamental purpose of alimony pendente lite is to provide the wife, during the pendency of the divorce action, with current support in accordance with her needs and the husband's ability to meet them. Smith v. Smith,151 Conn. 292, 297, 197 A.2d 65 (1964)." (Internal quotation marks omitted.) Papa v. Papa, 55 Conn. App. 47, 53, ___ A.2d ___ (1999).
"According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. Conway v. Wilton,238 Conn. 653, 633, 680 A.2d 242 (1996). In determining the intent of a statute, "we look to the words of the statute itself, to the legislative and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.' (Internal quotation marks omitted.) Bornemann v. Bornemann, 245 Conn. 508, 515, A.2d (1998)." Smith v. Smith, 249 Conn. 265, 272-73 (1999).
The Supreme Court has found the language of 46b-82 and 46b-86
(a) to be plain and unambiguous. See Stein v. Hillebrand,240 Conn. 35, 40, 688 A.2d 1317 (1997) and Fahy v. Fahy,227 Conn. 505, 512, 630 A.2d 1328 (1993). "If the words of a statute are unambiguous, we assume that they express the legislature's intent." Stein v. Hillebrand, supra, 40.
"The authority of the trial court to make orders concerning alimony and support pendente lite is found in the statutes. General Statutes 46b-83.[1] The power of the trial court to modify orders of support and alimony is also a creature of statute. General Statutes 46b-86."[2] (Footnotes added.) Trellav. Trella, 24 Conn. App. 219, 221, 587 A.2d 162, cert. denied,219 Conn. 902, 593 A.2d 129 (1991). "The function of an order for alimony and support pendente lite is to provide support for a spouse who the court determines requires financial assistance, and for any dependent children, until the court makes a final determination of the issues. . . . Pendente lite orders necessarily cease to exist once a final judgment in the dispute has been rendered because their purpose is extinguished at that time." (Citations omitted.) Id. "It is the function of a pendente lite order to establish what the paying spouse can afford as CT Page 372 alimony and support pendente lite." Id., 223, citing Casanova v.Casanova, 166 Conn. 304, 348 A.2d 668 (1974).
Pursuant to General Statutes § 46b-83, "[i]n making an order for alimony pendente lite the court shall consider all factors enumerated in sections 46b-82, except the grounds for the complaint or cross complaint. . . ." The factors the court is to consider under the statute are as follows: "the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section46b-81. . . ." General Statutes § 46b-82.
In Johnston v. Johnston, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 275308 (October 24, 1990,Bassick, J.), the court took into consideration the defendant husband's ability to borrow large sums of money from businesses in which he held an interest. The Defendant had $444,000 worth of personal property, but only $24,000 in bank accounts. The defendant in Johnston showed a gross projected income of $46,760 but the court, based on the lifestyles of the parties and the defendant's borrowing power, ordered the defendant to pay $6,500 per month in pendente lite alimony. The Defendant, in this case, has sufficient liquid assets to pay for the support of his family, pendente lite, without the need to borrow.
In Benedetto v. Benedetto, 55 Conn. App. 350, 354 ___ A.2d ___ (1999), the court found that the defendant could not avoid paying late charges and related expenses due to his failure to pay the mortgage for the months listed by the court as part of a pendente lite order. The trial court had previously ordered the defendant to make mortgage payments as part pendente lite orders.
"[The Supreme C]ourt and the Appellate Court have often described financial orders appurtenant to dissolution proceedings as "entirely interwoven" and as a carefully crafted mosaic, each element of which may be dependent on the other. (Internal quotation marks omitted.) Fahy v. Fahy, 227 Conn. 505, 515,630 A.2d 1328 (1993); Ehrenkranz v. Ehrenkranz, 2 Conn. App. 416,424, 479 A.2d 826 (1984)." Smith v. Smith, supra,249 Conn. 276-77.
In discussing 46b-82, the Supreme Court stated that "the CT Page 373 statute provides trial courts with wide latitude and equitable powers when determining financial orders pursuant to dissolution actions because they require extremely fact sensitive resolutions. Watson v. Watson, 221 Conn. 698, 712-13,607 A.2d 383 (1992)." Smith v. Smith, supra, 249 Conn. 274-75. "Consequently, a trial court may order one party to pay alimony for a certain time period or only upon certain conditions, without placing the same restrictions on the other party's alimony obligations." Id., 285.
"The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage."Doe v. Doe, 244 Conn. 403, 423, 710 A.2d 403 (1998); Pasquariellov. Pasquariello, 168 Conn. 579, 585, 362 A.2d 835 (1975).
"The purpose of alimony pendente lite is to provide support to a spouse who the court determines requires financial assistance pending the dissolution litigation and the ultimate determination of whether that spouse is entitled to an award of permanent alimony. Weinstein v. Weinstein, 18 Conn. App. 622, 639-40,561 A.2d 443 (1989)." (Internal quotation marks omitted.) Milbauer v.Milbauer, 54 Conn. App. 304, 311 ___ A.2d ___ (1999).
Practice Book § 25-5 provides in pertinent part: "(a) The following automatic orders shall apply to both parties, with service of the automatic orders to be made with service of process of a complaint for dissolution of marriage, legal separation, or annulment, custody or visitation. An automatic order shall not apply if there is a prior, contradictory order of a judicial authority. The automatic orders shall be effective with regard to the plaintiff or the applicant upon the signing of the complaint or the application and with regard to the defendant or the respondent upon service and shall remain in place during the pendency of the action, unless terminated, modified, or amended by further order of a judicial authority upon motion of either of the parties: (1) Neither party shall sell, transfer, encumber, conceal, assign, remove, or in any way dispose of, without the consent of the other party in writing, or an order of a judicial authority, any property, individually or jointly heldby the parties, except in the usual course of business or forcustomary and usual household expenses or for reasonable attorneys' fees in connection with this action." [Emphasis added]
The Defendant is utilizing funds from his bank accounts for CT Page 374 customary and usual household expenses.
Neither General Statutes § 46b-83 nor Practice Book § 25-5
makes employment a condition precedent to pendente lite awards. Section 46b-83 requires the court to consider, among other things, the length of the marriage and the estate and needs of the parties. Pendente lite orders are designed to provide necessary support. In appropriate cases, considering all factors in § 46b-83 and in light of the court's broad equitable powers in these matters, the court has the authority to order payment of pendente alimony and support even if the spouse is unemployed or if the required amount and award exceeds the amount of available income. Here, the Defendant has significant liquid assets and a large equity in real estate holdings. He has the security available to permit him to borrow significant amounts. His assets and ability to borrow clearly demonstrate his ability to provide the amount necessary for the support of his wife and children. He has used, as permitted by law, his assets to satisfy his customary and usual household expenses, and the court has the power to order him to provide funds, pendente lite, for these same expenses for his family. The court is not limited by his current income. The Defendant may not live in luxury and comfort off his savings while the rest of his family lacks funds for shelter, food and clothing. The language of § 46b-83 explicitly allows the court to consider, among other things, both the estate of Defendant and the needs of the family.
Having considered all of the factors of § 46b-82 of the General Statutes, except for the issue of fault, the evidence at the hearing and the applicable case law, the court orders that the Defendant shall pay to the Plaintiff by way of alimony and support pendente lite for the Plaintiff and the four minor children the sum of $13,500 per month, payable the first of each month in advance. This order is retroactive to December 1, 1999. The balance due for the months of December, 1999 and January, 2000 ($27,000) shall be paid to the Plaintiff within one week of the date hereof. An additional $13,500 alimony and support shall be due on February 1, 2000. For income tax purposes, the alimony awarded by this order shall not be includable as income of the Plaintiff and shall not be deductible by the Defendant, but this issue may be revisited in the event the Defendant obtains employment.
HILLER, J. CT Page 375