[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDENT'S POST JUDGMENT MOTION FOR CONTEMPT RE JOINT PARENTING (#189)
The parties' marriage was dissolved in this court on August 12, 1994 at which time the judgment provided that the ante-nuptial agreement entered into by the parties on August 10, 1984 was to be enforced by the court. The judgment provided for joint legal custody of the parties' daughter with physical custody to the plaintiff mother. The agreement provides
 b) The custodial parent shall consult with the non-custodial parent on all matters regarding the education, health, religious upbringing and general welfare of any child of the marriage.
By entry of a separate order of "joint legal custody" pursuant to Section 56b-56a Conn. Gen. Stat., the judgment redefined custody as no longer being custodial or non-custodial. Joint legal custody means joint decision making, Emerick v. Emerick,5 Conn. App. 649 at 656 (1985). The award of physical custody to one party does not confer upon that party the
 "_ _ ultimate authority in all decisions regarding the children's welfare." Tabackman v. Tabackman, 25 Conn. App. 366 @ 368-9 (1991)
The parties have not been able to discuss the needs of the child nor have they made joint decisions.
The most difficult lapse is the plaintiffs alleged failure to discuss with the defendant their daughter's Bat Mitzvah which the plaintiff has scheduled for April 1, 2000. The invitation reads
 "With much pride and love I invite you to share a special day in our lives when my daughter...
Nancy Marshak" (Defendant's Exhibit A) (emphasis added)
The plaintiff wrote to the defendant on September 12, 1999 regarding her daughter's Bat Mitzvah date being changed from CT Page 4781 March 25 to April 1, (Plaintiff's Exhibit #2) since their child wanted to attend her best friend's Bat Mitzvah scheduled for March 25. The defendant's reply begins with a lecture, then the assertion of the plaintiffs continued violations, then a promise to file a contempt motion if the plaintiff does not "confer in good faith with me immediately by no later than September 27, — — ." The defendant's initial letter directed to the Superior Court plaintiff dated January 30, 1999 was a request for the opportunity to provide input by each parent into planning the event, (Defendant's Exhibit C). His subsequent strident letter can be explained since eight months passed with no resolution.
No input by defendant was invited and the defendant received no invitation to either the religious event or subsequent social reception.
The defendant's motion alleges that the plaintiff had requested to consult in any meaningful way, that the plaintiff has made unilateral decisions, and that the plaintiff has failed to consult with him in any meaningful way. The one defining event is the impending Bat Mitzvah.
The court finds the plaintiff's lack of response to defendant's inquiries and the lack of even an attempt by plaintiff to engage in joint decision making is a violation of the joint legal custody order.
The plaintiff is found to be in contempt of court on this issue.
The court will hear counsel on the proper purge order on Friday, March 24, at 10 a.m.
HARRIGAN, J.