### CAROLINE HIRSCHFELD *v.* ROBERT B. MACHINIST
### (AC 32818)

Bishop, Bear and Pellegrino, Js.

Argued June 2—officially released September 13, 2011

*Kenneth A. Votre*, for the appellant (plaintiff).

*Kenneth J. Bartschi*, with whom were *Dana M. Hrelic* and, on the brief, *Arnold Rutkin*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Caroline Hirschfeld, appeals from the judgment of the trial court granting the postjudgment motion for sanctions filed by the defendant, Robert B. Machinist, and ordering the plaintiff to pay to the defendant $71,475.10 in attorney's fees. On appeal, the plaintiff claims that the award of attorney's fees was improper because (1) the court was without subject matter jurisdiction, and (2) the court improperly imposed sanctions on the plaintiff for bad faith litigation conduct. We affirm the judgment of the trial court.

The plaintiff and the defendant had entered into a separation agreement (agreement) the terms of which

the court incorporated by reference into the judgment dissolving their marriage on February 2, 2007. Paragraph 8.3 of the agreement provided: "Entire Agreement. The [h]usband and [w]ife have incorporated in this [a]greement their entire understanding, and no oral statement or prior written matter extrinsic to this [a]greement shall have any force or effect. The parties agree that each is not relying upon any representations other than those expressly set forth herein." Paragraph 8.4 of the agreement provided an acknowledgment that the agreement had been fully explained to both parties, that it was a fair agreement, and that it contained the entire understanding of the parties. It further provided: "There are no representations, promises, warranties, covenants or undertakings other than those expressly set forth herein."

On November 27, 2009, the defendant filed postjudgment motions for contempt and for sanctions against the plaintiff. The defendant alleged, in part, that despite the merger clause in the parties' agreement, the plaintiff had instituted litigation against him in both New York and in Connecticut, in October, 2008, and October, 2009, respectively, seeking damages based on matters that had occurred prior to the agreement and which were barred because of the agreement.[1] The defendant asked the court to find the plaintiff in contempt and to award attorney's fees as a sanction for the alleged "improper and oppressive litigation conduct." In an October 5, 2010 memorandum of decision, the court declined to find the plaintiff in contempt, but it found that the plaintiff had acted in bad faith in instituting the postjudgment actions and sanctioned the plaintiff by ordering her to pay to the defendant $71,475.10 in attorney's fees. This appeal followed.

[1] The New York case was dismissed after the court found that the lawsuit was "outrageous," that it was "designed to harass" the defendant and that it "border[ed] on the frivolous." Although the plaintiff filed a notice of appeal from the judgment of dismissal, she later chose not to file the appeal.

## I

The plaintiff first claims that the court lacked subject matter jurisdiction "to award attorney's fees for conduct in a New York lawsuit absent [a] violation of an order of the Connecticut court." The plaintiff argues: "It is absolutely clear . . . that the court's 'inherent' power to award attorney's fees when the 'losing party has acted in bad faith' refers to inherent authority of the court to regulate conduct before the court, not before some other court. In this case, the only attorney's fees awarded were those incurred defending a civil action pending entirely within . . . New York . . . . There simply is no jurisdictional basis for a Connecticut judge to enter an order of sanctions for conduct before a New York . . . judge. Nor was any conduct before the small claims court before the trial court here." The defendant contends that the plaintiff is confusing authority to act with subject matter jurisdiction and that the court clearly had jurisdiction over the subject matter of his motion for sanctions. We agree with the defendant.

"There is a distinction between a court's jurisdiction and its statutory authority to act. See 1 Restatement (Second), Judgments § 11 (1982). Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Burton*, 88 Conn. App. 523,

---

The plaintiff also withdrew the small claims action that had been filed in Connecticut.

527, 871 A.2d 380 (2005), aff'd, 282 Conn. 1, 917 A.2d 966 (2007).

The defendant filed postjudgment motions for contempt and for sanctions, asking the court to find the plaintiff in contempt and to impose sanctions on the plaintiff for engaging in bad faith litigation. Pursuant to General Statutes § 46b-1: "Matters within the jurisdiction of the Superior Court deemed to be family relations matters shall be matters affecting or involving: (1) Dissolution of marriage . . . and (17) all such other matters within the jurisdiction of the Superior Court concerning . . . family relations as may be determined by the judges of said court." Clearly, the court had subject matter jurisdiction over the defendant's postjudgment motion that sought, inter alia, sanctions for the plaintiff's violation of the terms of the dissolution judgment.[2] See *Roos* v. *Roos*, 84 Conn. App. 415, 419, 853 A.2d 642 (court had subject matter jurisdiction to consider motion for contempt that alleged violation of original judgment), cert. denied, 271 Conn. 936, 861 A.2d 510 (2004).

II

The plaintiff next claims that the court improperly imposed sanctions on the plaintiff for her bad faith litigation conduct. She argues that the court failed to make the necessary findings required by *Maris* v. *McGrath*, 269 Conn. 834, 850 A.2d 133 (2004), before imposing sanctions, failed to apply the appropriate "formulation of the bad faith exception applying to nonlawyers" and failed to consider that the plaintiff had acted in reliance on the advice of counsel. We conclude that

---

[2] The defendant also argues that the plaintiff never raised before the trial court any claim that the court had no authority to act on this motion because it alleged conduct that had occurred in another jurisdiction. Our review of the record confirms this assertion.

the court did not abuse its discretion in imposing sanctions on the plaintiff.

"[S]ubject to certain limitations, a trial court in this state has the inherent authority to impose sanctions against an attorney and his client for a course of claimed dilatory, bad faith and harassing litigation conduct, even in the absence of a specific rule or order of the court that is claimed to have been violated." (Internal quotation marks omitted.) *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 393, 685 A.2d 1108 (1996), overruled in part on other grounds by *State* v. *Salmon*, 250 Conn. 147, 154–55, 735 A.2d 333 (1999). "To ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . and a high degree of specificity in the factual findings of [the] lower courts. . . . Whether a claim is colorable, for purposes of the bad-faith exception, is a matter of whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established. . . . To determine whether the bad faith exception applies, the court must assess whether there has been substantive bad faith as exhibited by, for example, a party's use of oppressive tactics or its wilful violations of court orders; [t]he appropriate focus for the court . . . is the conduct of the party in instigating or maintaining the litigation." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Maris* v. *McGrath*, supra, 269 Conn. 845–46. "As applied to a party, rather than to his attorney, a claim is colorable, for purposes of the bad faith exception to the American rule, if a reasonable person, given his or her first hand knowledge of the underlying matter, could have concluded that the facts supporting the

claim might have been established." (Internal quotation marks omitted.) Id., 847.

Applying the standard set forth in *Maris* to the present case, we conclude that the trial court did not abuse its discretion in sanctioning the plaintiff. The court specifically found that the parties' agreement contained a merger clause in which the parties agreed that there were no outstanding issues between them other than those set forth and resolved in that agreement.[3] The court also found that, despite that agreement, the plaintiff subsequently brought an action in New York seeking to litigate a claim that was ten years old. The court also noted that the New York court found the action "to be without merit" and the New York court, in its decision, found the plaintiff's claim to be "meritless," "outrageous," "designed to harass" the defendant and that it "border[ed] on the frivolous." Furthermore, the court noted that the plaintiff took no appeal from the New York decision. The court also found that the small claims action in this state was unsuccessful and that in that action the plaintiff also had requested relief based on facts that arose well before the agreement of the parties. The court further found that the plaintiff's actions in instituting both actions were taken in bad faith. On the basis of these findings, the court awarded reasonable attorney's fees to the defendant.[4] Having reviewed the record, we conclude that the court acted in accordance with *Maris*, and that it did not abuse its discretion in ordering sanctions against the plaintiff.[5]

The judgment is affirmed.

---

[3] We need not decide whether the agreement actually contained a merger clause or the meaning of those paragraphs of the agreement because the plaintiff does not challenge this finding on appeal.

[4] The plaintiff does not challenge the reasonableness of the attorney's fees.

[5] Insofar as the plaintiff argues that the court's findings were not detailed sufficiently, our case law clearly directs that it is up to the plaintiff to request more detailed findings by means of an articulation. See *Blum* v. *Blum*, 109 Conn. App. 316, 331, 951 A.2d 587 ("[w]hen the decision of the trial court does not make the factual predicates of its findings clear, we will, in the

absence of a motion for articulation, assume that the trial court acted properly" [internal quotation marks omitted]), cert. denied, 289 Conn. 929, 958 A.2d 157 (2008).