******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

YISIAH LOPES *v.* MARYANNA FERRARI
(AC 40988)

Keller, Bright and Moll, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court granting the parties joint legal custody of their minor child and giving the defendant final decision-making authority when the parties fail to agree on a disputed matter concerning the child. *Held*:

1. The trial court did not abuse its discretion when it denied the plaintiff's motion for the court to order the defendant to undergo a psychological evaluation; it was clear from the record that the plaintiff was engaged in a fishing expedition for which he was seeking the court's assistance, as the plaintiff specifically argued to the court that he was looking for an investigation but he set forth no facts to substantiate any of his concerns, other than the fact that the defendant was taking a daily medication that had been prescribed to her, which was not a basis for the court to order a psychological evaluation of the defendant.

2. The plaintiff could not prevail on his claim that the trial court's custody determination did not comply with the applicable statutes (§§ 46b-56 and 46b-56a [b]) in that the court failed to state that its orders were in the best interests of the child and the court's judgment essentially gave the defendant sole custody, against the presumption that joint custody is in the best interests of the child: under the plain language of § 46b-56 (b), the court was not required to assign any specific weight to any statutory fact and had to articulate the basis of its decision, and the court provided the parties with a ten page memorandum of decision, in which it specifically stated that it listened to the parties and witnesses, reviewed all the documents, and considered all of the statutory criteria, and set forth extensive orders regarding, inter alia, custody of the child, and although the court did not state specifically that it had considered the child's best interests or that it was entering orders that were in the child's best interests, it was clear from the court's decision that it considered the statute and the child's best interests, and, thereafter, rendered orders that it believed were in the child's best interests; moreover, if the plaintiff believed the court needed to further articulate its reasoning or best interests determination, he had the burden to request that the court do so, which he failed to do, and although the plaintiff contended that, by giving the defendant final decision-making authority, the court essentially gave her sole custody, such a contention was contrary to our case law holding that final decision-making authority in one parent is distinct from sole legal custody.

Argued January 4—officially released March 12, 2019

*Procedural History*

Application for custody of the parties' minor child, and for other relief, brought to the Superior Court in the judicial district of Waterbury where the court, *Ficeto, J.*, denied the plaintiff's motion for the defendant to undergo a psychological evaluation; thereafter, the matter was tried to the court, *Hon. Lloyd Cutsumpas*, judge trial referee; judgment granting, inter alia, joint legal custody to the parties; thereafter, the court granted the plaintiff's motion to reargue and reconsider but denied the relief requested therein, and the plaintiff appealed to this court. *Affirmed*.

*Dale R. Funk*, for the appellant (plaintiff).

*Michael K. Conway*, for the appellee (defendant).

*Opinion*

BRIGHT, J. The plaintiff, Yisiah Lopes, appeals from the judgment of the trial court granting the parties joint custody of their minor child and giving the defendant, Maryanna Ferrari, final decision-making authority when the parties fail to agree on a disputed matter concerning the child. On appeal, the plaintiff claims that (1) due to the court's denial of his motion requesting the court to order the defendant to undergo a psychological evaluation, the evidence was insufficient for the court to make an accurate assessment of the child's best interests, and (2) the court's custody determination, as set forth in its memorandum of decision, fails to comply with General Statutes §§ 46b-56 and 46b-56a (b). We affirm the judgment of the trial court.

The following facts and procedural history are taken from the court's memorandum of decision or are part of the record. The parties, who are not married to each other, share a minor child. Approximately one week after the child's birth, the plaintiff filed an application for custody. The court referred the matter to the Family Relations Division (family relations) for a comprehensive evaluation.[1] The resulting report, thereafter, was made part of the record.[2] The court conducted an evidentiary hearing over the course of three days, and, after consideration of the statutory criteria, the court, in relevant part, awarded joint custody to the parties, with primary physical custody to the defendant. The court further ordered that the parties were to consult with each other on major decisions related to the child, but that the defendant had final decision-making authority when the parties were in disagreement. The plaintiff filed a motion to reargue and reconsider the court's determination. The court granted the motion, but it denied the relief requested. This appeal followed.

I

The plaintiff first claims that due to the court's denial of his motion for a court-ordered psychological evaluation of the defendant, the evidence was insufficient for the court to make an accurate assessment of the child's best interests.[3] He argues that he expressed to the court his concern that the defendant was using prescription medication, namely, Xanax,[4] on a daily basis, and he requested, to no avail, that the court order her to undergo a psychological evaluation. He contends that the court improperly denied his motion. We disagree.

The following additional facts are relevant. On August 11, 2016, the plaintiff filed a "motion for psychological exam," requesting, pursuant to General Statutes § 46b-6,[5] that the court order the defendant to undergo a psychological examination. There were no factual allegations in the motion, and the only ground alleged by the plaintiff was that "he has concerns about [the defen-

dant's] mental stability, and therefore the safety and well-being of the minor child while in the care of [the defendant]." On October 26, 2016, the court heard argument on the plaintiff's motion.[6] During argument, the plaintiff told the court that he had concerns about the defendant's use of Xanax and her mental stability. He also expressed that he would be willing to pay for the defendant's examination. When the court explained that a psychological evaluation normally is not ordered solely because someone is taking a prescription medication, the plaintiff stated: "I understand that, but being a concerned parent, my understanding is if you're taking something on a daily basis, I have concerns that why do you need to take it daily. And that's all I'm trying to do is just investigate, research. And I feel with the psychological evaluation, it would basically outline that situation, and we'll be done with it and move forward. That's what's holding everything up." Shortly thereafter, the court stated that the plaintiff would have an opportunity to express his concerns to family relations, and that if family relations saw any problems with the defendant's ability to parent, it would relay those concerns to the court. The court then denied the plaintiff's motion, without prejudice, on the ground that it heard nothing in argument that justified ordering the defendant to undergo a psychological examination. The court further noted that family relations could refer the matter back to the court to consider ordering such an examination if, when preparing its comprehensive evaluation, it saw a reason to do so.[7]

We review the court's denial of a motion for a physical or psychological examination under an abuse of discretion standard. See *Tevolini* v. *Tevolini*, 66 Conn. App. 16, 32, 783 A.2d 1157 (2001) (standard of review for denial of motion for physical examination in family matter is one of abuse of discretion); *In re Daniel C.*, 63 Conn. App. 339, 365, 776 A.2d 487 (2001) (standard of review for denial of motion for psychological examination in termination of parental rights case is one of abuse of discretion). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *Tevolini* v. *Tevolini*, supra, 32.

It is clear from a review of the plaintiff's motion and his oral argument before the trial court that the plaintiff was engaged in nothing short of a fishing expedition for which he was seeking the court's assistance. Indeed, he specifically argued to the court that he was looking for an investigation; he set forth no facts to substantiate any concerns, with the exception of the fact that the defendant was taking a daily prescription medication that, in fact, had been prescribed to her. On this basis, it was not an abuse of discretion for the court to deny

the plaintiff's motion.

## II

The plaintiff next claims that the court's custody determination, as set forth in its July 28, 2017 memorandum of decision, does not comply with §§ 46b-56 and 46b-56a (b). The plaintiff argues that (1) the court failed to state that its orders were in the best interests of the child, and (2) the court's judgment essentially gives the defendant sole custody, despite awarding the parties joint custody. We disagree with both arguments.

## A

The plaintiff argues that the court's custody decision does not comply with § 46b-56 because the court failed to articulate a basis for its decision by stating merely that it considered the best interests of the child. The plaintiff recognizes that the court is not required to assign any particular weight to any statutory factor, but he contends that the court specifically must find and articulate why its orders serve the child's best interests. We are not persuaded.

"We utilize an abuse of discretion standard in reviewing orders regarding custody and visitation rights . . . . In exercising its discretion, the court should consider the rights and wishes of the parents and may hear the recommendations of professionals in the family relations field, but the court must ultimately be controlled by the welfare of the particular child. . . . This involves weighing all the facts and circumstances of the family situation. Each case is unique. The task is sensitive and delicate, and involves the most difficult and agonizing decision that a trial judge must make. . . . The trial court has the great advantage of hearing the witnesses and in observing their demeanor and attitude to aid in judging the credibility of testimony. . . . Great weight is given to the conclusions of the trial court which had the opportunity to observe directly the parties and the witnesses. . . . A conclusion of the trial court must be allowed to stand if it is reasonably supported by the relevant subordinate facts found and does not violate law, logic or reason. . . . [T]he authority to exercise the judicial discretion under the circumstances revealed by the finding is not conferred upon this court, but upon the trial court, and . . . we are not privileged to usurp that authority or to substitute ourselves for the trial court. . . . A mere difference of opinion or judgment cannot justify our intervention. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference." (Citations omitted; internal quotation marks omitted.) *Zilkha* v. *Zilkha*, 180 Conn. App. 143, 170–71, 183 A.3d 64, cert. denied, 328 Conn. 937, 183 A.3d 1175 (2018).

"Subsection (a) of § 46b-56 authorizes the Superior Court in any action involving the custody or care of

minor children . . . to 'make or modify any proper order regarding the custody, care, education, visitation and support of the children . . . according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable.' Subsection (b) of § 46b-56 provides in relevant part: 'In making or modifying any order as provided in subsection (a) of this section, the rights and responsibilities of both parents shall be considered and the court shall enter orders accordingly that serve the best interests of the child and provide the child with the active and consistent involvement of both parents commensurate with their abilities and interests. . . .' Subsection (b) contains a nonexhaustive list of possible orders, ending with a catchall provision permitting 'any other custody arrangements as the court may determine to be in the best interests of the child.' Subsection (c) of § 46b-56 provides in relevant part that '[i]n making or modifying any order as provided in subsections (a) and (b) of this section, the court shall consider the best interests of the child, and in doing so may consider, but shall not be limited to, one or more of [sixteen enumerated] factors . . . . The court is not required to assign any weight to any of the factors that it considers, but shall articulate the basis for its decision.' " (Footnote omitted.) Id., 168–70.

Under the plain language of § 46b-56 (b), the court is not required to assign any specific weight to any statutory factor, but it must articulate the basis of its decision. In this case, the court provided the parties with a ten page memorandum of decision. It specifically stated that it had listened to the parties and the witnesses, reviewed all the documents, and considered all of the statutory criteria. The court then set forth extensive orders regarding, inter alia, custody, visitation, holiday access, child support, education support, medical insurance, and income tax. Although the court did not state specifically that it had considered the child's best interests, or that it was entering orders that were in the child's best interests, it is clear from the court's decision that it considered the statute and the child's best interests and, thereafter, rendered orders that it believed were in the child's best interests. In fact, there is nothing in the court's memorandum of decision to which the plaintiff points that would lead us to conclude otherwise.

Furthermore, if the plaintiff believes that the court needed to further articulate its reasoning or best interests determination, it was his burden to request that the court do so. See Practice Book §§ 61-10 and 66-5. Where the plaintiff believes that the court's findings were not detailed sufficiently, "our caselaw clearly directs that it is up to the plaintiff to request more detailed findings by means of an articulation. See *Blum* v. *Blum*, 109 Conn. App. 316, 331, 951 A.2d 587 ([w]hen the decision of the trial court does not make the factual

predicates of its findings clear, we will, in the absence of a motion for articulation, assume that the trial court acted properly . . .), cert. denied, 289 Conn. 929, 958 A.2d 157 (2008)." (Internal quotation marks omitted.) *Hirschfeld* v. *Machinist*, 131 Conn. App. 364, 370–71 n.5, 27 A.3d 395, cert. denied, 302 Conn. 947, 30 A.3d 1 (2011). Accordingly, we are not persuaded by the plaintiff's argument.

B

The plaintiff next claims that the court's custody decision does not comply with § 46b-56a (b) because it effectively awarded sole custody to the defendant without setting forth the reason or basis for departing from the statutory presumption in favor of joint custody. Specifically, he argues that by giving the defendant final decision-making authority, the court's judgment essentially gives the defendant sole custody, with no explanation for doing so. We disagree with the underlying premise of the plaintiff's claim that the court's order regarding final decision-making authority constituted an award of sole custody.

"There shall be a presumption, affecting the burden of proof, that joint custody is in the best interests of a minor child where the parents have agreed to an award of joint custody or so agree in open court at a hearing for the purpose of determining the custody of the minor child . . . . General Statutes § 46b-56a (b). This section does not mandate joint custody; it only creates a presumption that joint custody would be in the best interests of a minor child under certain circumstances. It is still for the trial court to decide whether joint custody has been agreed to by the parties. . . . Whether the parties have agreed to such an award is a question for the trial court." (Citation omitted; internal quotation marks omitted.) *Baronio* v. *Stubbs*, 178 Conn. App. 769, 776–77, 177 A.3d 600 (2017).

In the present case, both parties agreed to joint legal custody. The defendant, however, also requested primary physical custody and final decision-making authority.[8] It is clear that the court awarded joint legal custody of the child to the parties, and that it also awarded to the defendant primary physical custody and final decision-making authority on major issues. Although the plaintiff contends that by giving the defendant final decision-making authority, the court, essentially, gave her sole custody, without setting forth its reasons for doing so, such a contention is contrary to our case law.

As this court previously has held: "[F]inal decision making authority in one parent is distinct from sole legal custody. See *Desai* v. *Desai*, 119 Conn. App. 224, 230, 987 A.2d 362 (2010) (noting Appellate Court's rejection of argument that grant of ultimate decision-making authority to one parent is, in effect, order of sole cus-

tody); *Tabackman* v. *Tabackman*, 25 Conn. App. 366, 368–69, 593 A.2d 526 (1991) (rejecting argument that award of joint legal custody with ultimate decision-making authority in one parent is the functional equivalent of an award of sole custody).” (Internal quotation marks omitted.) *Baronio* v. *Stubbs*, supra, 178 Conn. App. 778 n.3. Accordingly, the plaintiff’s claim has no merit.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] A comprehensive evaluation is “an in-depth, nonconfidential assessment of the family system by the Family Relations Counselor. The information gathered by the counselor, the assessment of the family, and the resulting recommended parenting plan is shared with the parents and attorneys. This recommendation may be used to form the basis of an agreement. At the conclusion of the process, a report with recommendations is filed with the court.” State of Connecticut Judicial Branch, Child Custody and Visitation for Unmarried Parents, available at https://www.jud.ct.gov/forms/grouped/family/cc_visitationUnmarriedParents.htm (last visited March 7, 2019).

[2] The comprehensive report was prepared by Family Relations Counselor Michael B. Elder. Rather than set forth Elder’s findings in detail, which are concerning, we will say only that he found the defendant to be “very transparent,” while concluding that the plaintiff “has not been as forthcoming.”

[3] Although the plaintiff sets forth his statement of this issue as one concerning the sufficiency of the evidence, his claim more accurately is characterized as one challenging the propriety of the court’s denial of his motion for a psychological examination. Accordingly, we will consider it as such.

[4] Xanax is a benzodiazepine used to treat anxiety and panic disorders. See Physician’s Desk Reference (71st Ed. 2016) p. S-981.

[5] General Statutes § 46b-6 provides: “In any pending family relations matter the court or any judge may cause an investigation to be made with respect to any circumstance of the matter which may be helpful or material or relevant to a proper disposition of the case. Such investigation may include an examination of the parentage and surroundings of any child, his age, habits and history, inquiry into the home conditions, habits and character of his parents or guardians and evaluation of his mental or physical condition. In any action for dissolution of marriage, legal separation or annulment of marriage such investigation may include an examination into the age, habits and history of the parties, the causes of marital discord and the financial ability of the parties to furnish support to either spouse or any dependent child.”

[6] The court also heard argument on other motions that had been filed by the parties.

[7] The comprehensive evaluation report discusses the plaintiff’s concerns about the defendant’s use of Xanax, as well as the communications the family relations counselor had with the defendant’s doctor’s office about the defendant’s use of the drug. The report reflects that the defendant’s doctor had no reason to believe that the defendant was misusing the drug. The report did not suggest to the court that it order a psychological examination of the defendant, and the plaintiff never renewed his motion for one.

[8] The plaintiff, directing this court to the defendant’s proposed orders and his own proposed orders, argues that “both parents agreed to joint custody. . . . However, the court . . . ordered: ‘In the event of a dispute over any issue involving the child after consultation, the [defendant’s] decision shall be controlling.’ . . . In this case, ultimate authority to make all decisions regarding ‘any issue involving the child’ was given to [the defendant] by the [court] . . . . The court failed to articulate any reasons for rebutting the presumption in favor of joint custody.”

We find the plaintiff’s argument misleading. Although both parties agreed to joint legal custody, the defendant very clearly set forth in her proposed orders that she was requesting primary physical custody and final decision-making authority regarding major decisions.